UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RIVERDEEP INC., A LIMITED LIABILITY COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> SOMC GROUP, INC., a California corporation; LOGETICS, INC., a California corporation; SAN DIEGO CREDIT ASSOCIATION, a California corporation; READY, SET, GROW!, a California corporation; JELLY BEAN ISLANDS, a California corporation; and LEAP AHEAD, a California corporation, <br><br> Defendants. | Civil Action No. 05-10816 REK <br><br> APPLICATION FOR TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY AND DOCUMENT PRESERVATION ORDER |

Upon the Complaint, this Ex Parte Motion, the attached Memorandum of Law, and the Affidavits of Irwin Schwartz and Kirsten Mellor, plaintiff Riverdeep, Inc. ("Riverdeep") moves pursuant to Federal Rules of Civil Procedure Rules 4, 30(a), 34(b) and 65(b) that the Court issue a Temporary Restraining Order to prevent defendants SOMC Group, Inc. ("SOMC"), Logetics, Inc. ("Logetics"), San Diego Credit Association ("SDCA"), READY, SET, GROW! ("Ready"), Jelly Bean Islands ("Jelly Bean"), and Leap Ahead ("Leap Ahead") (collectively, the "Defendants) from unlicensed copying and distribution of Riverdeep software and also to order Defendants to return or place in escrow Riverdeep's proprietary materials including but not limited to the gold master disks from which the Defendants can make additional copies of Riverdeep's software. Riverdeep further requests that this Court order Logetics and SDCA to respond on an

expedited basis to extremely limited document requests in order to allow Riverdeep to present a preliminary injunction motion on a more fully developed record. In support of this application, Riverdeep relies on the Memorandum of Law submitted herewith and states as follows:

1. Riverdeep owns the copyrights (the majority of which are registered) in its educational software, which was distributed by Defendants Logetics and SOMC under two, separate OEM License Agreements. Those license agreements have expired by their own terms, nevertheless, Defendants Logetics, SOMC and their affiliates are willfully and knowingly violating the copyright laws (17 U.S.C. §101 et. seq.) by continuing to distribute Riverdeep's software without license to do so and after Riverdeep has requested that they cease such distribution. Furthermore, despite repeated requests Defendants Logetics and SOMC have failed to return Riverdeep's proprietary information including its gold master disks that enable a manufacturer to make copies of Riverdeep's software.

2. On February 24, SOMC assigned all of its assets to defendant San Diego Credit Association ("SDCA") without permission from Riverdeep and in violation of express prohibitions in the applicable license agreement. On the very same day, SDCA sold those same assets (which included 425,000 software units) to Logetics for $46,200 even though SDCA had no right to sell any Riverdeep software. Because Riverdeep was one of SOMC's largest publishers, Riverdeep believes that many of the software titles assigned by SOMC to SDCA, which SDCA then sold to Logetics, included Rivedeep intellectual property.

3. Riverdeep seeks in this action, among other things, immediate injunctive relief ordering Defendants: (1) not to copy or distribute Riverdeep's software; and (2) to return or escrow all of Riverdeep's proprietary information, including but not limited to

Riverdeep's gold master disks.

WHEREFORE Riverdeep respectfully requests that this Court:

A.      Issue a Temporary Restraining Order prohibiting Defendants from copying or distributing Riverdeep's software and requiring them to return or escrow Riverdeep's proprietary information;

B.      Grant Riverdeep leave to request that Logetics and SDCA immediately produce the documents as described in Plaintiff's First Requests for Production of Documents to Logetics, Inc. and Plaintiff's First Requests for Production of Documents to San Diego Credit Association attached as Exhibit A and Exhibit B to the (Proposed) Order, submitted herewith;

C.      Order Defendants to indefinitely preserve and hold inviolate any documents and communications relating to the assignment, manufacturing, sale, distribution, or copying of Riverdeep's software; and

D.      Grant any other relief the Court deems just and proper.

## ORAL ARGUMENT REQUESTED

Riverdeep respectfully requests oral argument on this application.

Dated: May 10, 2005

Respectfully submitted,

*[signature]*

Irwin B. Schwartz BBO#548763
PETRIE SCHWARTZ LLP
500 Boylston Street, Suite 1860
Boston, Massachusetts 02116
(617) 421-1800

Counsel for Plaintiff
Riverdeep, Inc., LLC

Certificate of Service

I, Irwin B. Schwartz, attorney for Plaintiff, Riverdeep, Inc., LLC, hereby certify that on this 10th day of May 2005, I served a copy of the foregoing document on Defendants' attorney by delivering the same, via Federal Express to James R. Ballard, Esquire, 101 West Broadway, Suite 810, San Diego, CA 92101, Daniel B. Winslow, Esquire, Duane Morris, 470 Atlantic Avenue, Suite 500, Boston, MA 02210 and Mr. Thomas E. Holland, 1945 Palomar Oaks Way, Suite 200, Carlsbad, CA 92009.

*[signature]*

Irwin B. Schwartz