UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RIVERDEEP INC., A LIMITED LIABILITY COMPANY,<br>    Plaintiff<br><br>v.<br><br>SOMC GROUP, INC., a California corporation;<br>LOGETICS, INC., a California corporation;<br>SAN DIEGO WHOLESALE CREDIT ASSOCIATION, a California corporation;<br>READY, SET, GROW!,<br>a California corporation; and LEAP AHEAD,<br>a California corporation,<br>    Defendants | CIVIL ACTION<br>NO. 05-10816-REK |

**Temporary Restraining Order**
May 17, 2005

      This matter having come before this court on the Plaintiff's Ex Parte Application for Temporary Restraining Order (Docket No. 2) and the court having carefully considered the plaintiff's submissions and those of counsel for Logetics, Inc., and San Diego Wholesale Credit Association, the court hereby orders as follows:

      (1) The Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, are hereby restra ined and enjoined from copying or distributing any Riverdeep software.

      (2) Defendants must place in escrow Riverdeep's proprietary information,

including but not limited to its gold master disks.

      (3) Defendants must deliver all documents responsive to the document requests identified as Exhibits A and B to Plaintiff's [Proposed] Order (Docket No. 4, filed May 10, 2005) to the office of Plaintiff's counsel no later than 48 hours after the court makes this Order at this hearing today.

      (4) Defendants must preserve and hold inviolate any documents and communications relating to the assignment, manufacturing, sale, distribution, or copying of Riverdeep software.

      (5) A scheduling hearing for requirements of disclosure will be held on Thursday, May 26, 2005, at 2:00 p.m., and a scheduling hearing preceding the hearing on preliminary injunction will be held on June 28, 2005, at 3:00 p.m.

      (6) The parties are directed to the attached Order Regulating Nonjury Hearing, which shall govern the hearing on Plaintiff's Motion for Preliminary Injunction.

      (7) The plaintiff is excused from posting a bond in this matter.

      If any of the defendants wish to contest this Order or to seek a modification of any of its terms and files an appropriately supported request for a hearing, the Clerk is directed to schedule a prompt hearing.

      So ordered.

                                      /s/Robert E. Keeton  
                                      Robert E. Keeton  
                            Senior United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Plaintiffs | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. |
| Defendants | ) ) ) | |

**Order Regulating Nonjury Hearing**

_____, 20\_\_\_\_

**I. Hearing Date**

This matter is scheduled for hearing on petitioner's motion for preliminary injunction commencing at _____ **m.,** _____.

**Other Dates**:

a. Expedited Schedule. If no date appears in a blank appearing below, the date is fixed by the bracketed direction appearing after the blank. H is the hearing date. For example, the date specified in brackets in II.2 below is 7 days before H (counting Saturdays, Sundays, and holidays) unless otherwise stipulated or ordered. Any document required to be served or filed on a Saturday, Sunday, or holiday may be served or filed before 10:00 a.m. on the next court day unless otherwise stipulated or ordered.

    b.  <u>Schedule Allowing Substantially More Time Between Events</u>.  If no need exists for an accelerated pace of preparation for the hearing, the word "days" in the brackets following each blank can be changed to "weeks."

    c.  <u>Intermediate Schedule</u>.  If a pace between that of paragraphs a. and b. is appropriate, probably a date should be placed in each blank to avoid confusion because of the uncertain effect of weekends and court holidays.

## II.  **Clarification of Issues and Pre-Hearing Filings**

**1. Introduction.**

    **a. Aims.**  With the aims of promoting the court's and counsel's understanding of legal and factual issues and using efficiently the public and private resources committed to resolving this dispute, the court (l) will require that proposed findings and conclusions and affidavits to be used in lieu of oral direct examination be filed before the hearing commences, and (2) will aim for deciding the case immediately after oral argument at the conclusion of the hearing.

    **b.  Clarity and Precision of Submissions.**

  (1) **Historical Facts.**  This paragraph concerns proposed findings of historical facts (for example, who did what, when and where, and in what associated circumstances), including proposed findings about any alleged state of mind of any natural person (including any natural person for whose state of mind a legally recognized entity is legally accountable).  All proposed findings of historical facts and affidavits regarding historical facts submitted under this Order (i) must be distinct and separate from

proposed evaluative determinations, inferences, opinions, and conclusions and (ii) must be clear and precise. The parties are hereby notified that the court may, in deciding any matter at issue, disregard any numbered paragraph of a filed submission that the court determines to be in violation of this requirement.

**(2) Proposed Evaluative Determinations, Inferences, Opinions, and Conclusions.** Each proposed evaluative determination, inference, opinion, or conclusion must be precisely and clearly stated, along with an identification of the supporting legal and factual premises on the basis of which the party submitting the proposal contends that the court can properly accept it as a basis for decision. The parties are hereby notified that the court may, in deciding any matter at issue, disregard any numbered paragraph of a filed submission that the court determines to be in violation of this requirement.

2. **Initial Proposals.*** On or before _____ [H-7 days], counsel for the party having the burden of proof on any issue must serve on other counsel (but not file with the clerk) three copies of Proposed Findings of Fact and Conclusions of Law. The statement must list each finding and each conclusion in a separate numbered paragraph. The court encourages counsel to be concise and to propose only the findings and conclusions that are essential to a claim or defense under the legal theory or theories advanced. (If two or more parties in a multi-party case have common positions, their counsel are to make and serve Proposals and Marked Responses jointly as far as possible.)

3. **Marked Response and Additional Proposals.**

   a. On or before_____ [H-5 days], counsel receiving Proposed Findings and Conclusions under paragraph 2 must file with the clerk and serve on other counsel a copy of the

Proposed Findings and Conclusions, marked as follows:

 (1) Underline only those parts of the proposed findings the accuracy of which is genuinely in dispute and only those parts of the conclusions of law that are contested.

 (2) Bracket only those portions of the proposed findings the admissibility of which is contested.

 (3) On the margin of the first page, type or write the name of the party on whose behalf the Marked Response is filed, followed by the signature of counsel in accordance with Fed. R. Civ. P. ll.

 b. Counsel receiving Proposed Findings and Conclusions under paragraph 2, though not required to do so, may also at the time specified above, part 3a, serve on other counsel three copies of Proposed Additional or Substitute Findings and Conclusions.

 c. Counsel receiving Proposed Additional or Substitute Findings and Conclusions must, _____ [H-3 days], file with the clerk and serve on other counsel a Marked Response to the Proposed Additional or Substitute Findings and Conclusions.

 **4.** **Notice of Non-Consent to Affidavits in Lieu of Direct Testimony**. If, rather than consenting to the use of affidavits in lieu of oral, direct examination a party wishes to have the testimony of witnesses "taken orally in open court" as if this were a trial, Fed. R. Civ. P. 43(a), that request may be made by motion served and filed with the clerk on or before _____ [H-5 days]. If such a motion is allowed by the court, the provisions of this order regarding affidavits in lieu of direct examination will not apply to any witness called by any party; all other aspects of this order will remain in effect.

 **5.** **Lists of Witnesses, Affidavits, Depositions, and Exhibits.** Not later than _____ [H-2 days], each party must file the following:

 a. A list of all prospective witnesses, together with the affidavits of

        each witness whose direct testimony is to be received by affidavit.

   b.    A list of depositions to be used at the hearing as part of the party's case in chief, identifying pages or portions to be used. Depositions (or parts thereof) to be used only for impeachment or in cross-examination need not be listed.

   c.    A list of exhibits to be introduced without objection, <u>identified by a single sequence of numbers</u>, regardless of which party is the proponent of an exhibit. Unless otherwise ordered, plaintiff's exhibits must commence with Exhibit l and defendant's exhibits with Exhibit 50l. Counsel must consult well in advance of the filing date to determine whether objections will be made to proffered exhibits.)

   d.    A list of marked items to be offered at the hearing, as to which an opposing party has reserved the right to object, <u>identified by a sequence of capital letters and the party designation</u> (e.g., Pl's A, B, C ...; D's A, B, C ...). A party reserving the right to object must file in writing, on the date stated above in this paragraph, a statement of the grounds of objection.

**6.**    **Notice of Request for Leave to Cross-Examine.** Not later than _____ [H-l day], any counsel who wishes to cross-examine any witness whose affidavit has been filed must give written notice to opposing counsel identifying the witness(es) counsel wishes to cross-examine.

### III. Procedure at Hearing

**l.**    **Use of Proposed Findings.** All parts of proposed findings neither underlined nor bracketed on the copy filed with the clerk before the hearing begins will be received in evidence at the beginning of the hearing as uncontested. No other proof on uncontested matters will be required or accepted. Objections to the admissibility of bracketed, non-underlined parts of the proposed findings will be heard when such parts are offered, unless otherwise ordered. When the relevance or materiality

of evidence offered at the hearing is questioned, counsel offering the evidence must be prepared to identify for the court the contested fact issue to which the offered evidence is relevant and material.

      **2.**    **Testimony.** Except as provided in part d below, all direct examination of witnesses at the hearing must be presented by affidavit.

      a.    An affidavit of a witness, constituting the direct examination, must be in admissible form. That is, each statement in the affidavit must be in form such that if the witness were making the statement orally at trial, in response to a question, it would be admissible under the Federal Rules of Evidence. Statements that would be objectionable as conclusions, or objectionable because of lack of essential foundation evidence, should be avoided. Cf. Fed. R. Civ. P. 56(e). To facilitate use at trial, the affidavit must be prepared in short numbered paragraphs.

      b.    When an affidavit is offered in evidence, opposing counsel may present objections. If the court sustains objection to any part of the affidavit, the court will consider whether good cause exists for allowing supplementation of the affidavit or allowing the witness to be called to the stand to attempt to cure or avoid grounds of objection and elicit evidence to replace that struck on objection. The court may place limitations on the opportunity for such curative additions to the direct testimony if counsel has inexcusably presented an affidavit not in compliance with part 2a above.

      c.    If notice has been given by opposing counsel in accordance with II.6 above, the witness must be present for cross-examination, in the event the court allows it, and for redirect examination.

      d.    In the following circumstances a party may use a deposition or call a witness for oral examination:

          (l)    If notice is given in accordance with paragraph II.5.b above, the deposition of a witness may be used whenever Fed. R. Civ. P. 32

        authorizes its use.

(2)     With leave of court, for good cause shown, an opposing party and anyone having authority to represent that party as officer, director, or managing agent -- cf. Fed. R. Civ. P. 32(a)(2) -- may be called for oral examination at the hearing if notice has been given in accordance with paragraph II.5.a above.

(3)     For good cause shown and upon motion filed on or before _____ [H-2 days] (or filed thereafter but with good cause shown for late filing), all or part of the direct examination of any witness may be by oral examination at the hearing. The court may, even if no motion is filed, call a witness for oral examination to aid the court's fact finding; if this is done, the parties will be heard as to whether one or more other witnesses should also be called to assure fair opportunity to develop claims and defenses.

**3.**     **Use of Depositions at Hearing.** Except for good cause shown no deposition testimony will be received in evidence during a case in chief other than those pages or portions as to which notice was given under II.5.b above. This limitation does not apply to the use of deposition testimony for impeachment or in cross- examination, if leave to take oral testimony is allowed.

**4.**     **Stipulations.** Stipulations may be read at any time except during the testimony of a witness.

**5.**     **Documents**. At least one-half hour before commencement of the hearing, counsel must furnish the court reporter with a copy of any document from which counsel intends to read. Documents to be used during cross-examination are excepted.

      **6.** **<u>Motions and Other Papers Filed During Hearing.</u>** A party filing a paper in court rather than in the Clerk's Office must file, with the original, a copy of the first page. All filings will be given a docket number in the Clerk's Office.

                                                                            Robert E. Keeton