UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RIVERDEEP INC., A LIMITED LIABILITY COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>SOMC GROUP, INC., a California corporation; LOGETICS, INC., a California corporation; SAN DIEGO CREDIT ASSOCIATION, a California corporation; READY, SET, GROW!, a California corporation; JELLY BEAN ISLANDS, a California corporation; and LEAP AHEAD, a California corporation, THOMAS E. HOLLAND,<br><br>        Defendants. | Civil Action No. 05-10816 REK<br><br>FIRST AMENDED COMPLAINT |

For its First Amended Complaint, Plaintiff Riverdeep Inc., LLC

("Riverdeep") alleges as follows:

## INTRODUCTION

1.    This is an action for injunctive relief, damages, and specific performance

arising out of two agreements. The first is an OEM License Agreement dated as of

March 28, 2002, as amended, between Broderbund, LLC, which is Riverdeep's

predecessor, and defendants SOMC Group Inc. ("SOMC") and Logetics, Inc.

("Logetics") (the "2002 Agreement"). The second is an OEM License Agreement dated

as of March 28, 2004, between Riverdeep and Logetics (the "2004 Agreement")

(together with the 2002 Agreement, the "Agreements"). Under the Agreements, both of

which were signed by defendant Thomas E. Holland ("Holland") in his capacity as president of both SOMC and Logetics, Riverdeep permitted SOMC and Logetics limited rights to manufacture and sell many of Riverdeep's popular educational software titles such as "Reader Rabbit," "Carmen San Diego," and "Leap Ahead" for which Riverdeep holds valid, registered copyrights.

2.      In exchange, defendants agreed to pay to Riverdeep minimum Guaranteed License Fees ("Guaranteed Fees") totaling $2,300,000 under the 2002 Agreement and $375,000 under the 2004 Agreement, plus royalties due on sales exceeding the Guaranteed Fees. To date, defendants have failed to pay $1,119,722.12 of the $2,300,000 Guaranteed Fees due under the 2002 Agreement and $202,073.18 of the required $375,000 Guaranteed Fees due under the 2004 Agreement.

3.      The 2002 Agreement expired on its terms on March 1, 2004. The 2004 Agreement expired on its terms on September 30, 2004. The 2002 Agreement and 2004 Agreement required that, upon expiration, Logetics and SOMC immediately stop manufacturing Riverdeep's products and return all Riverdeep proprietary material, including the gold master disks from which additional copies of Riverdeep's software products are generated. The 2002 Agreement and 2004 Agreement allowed Logetics and SOMC 180 days from expiration to sell off existing inventory.

4.      Nevertheless, in disregard of their contractual commitments and Riverdeep's copyrights and trademarks, SOMC and Logetics continued to engage in unlicensed distribution of Riverdeep's software under the same trade names and the same business models. Logetics also continue to distribute Riverdeep's copyrighted

2

software through its wholly owned subsidiaries, defendants Ready, Set, Grow!, Leap Ahead, and Jellybean Islands and other affiliated websites and distribution channels, like www.familysavingsoutlets.com and www.smart-estore.com.

5.    Moreover, defendants SOMC and Logetics have attempted to avoid their obligations to pay monies due to Riverdeep under the 2002 Agreement under the guise of SOMC's "assignment" of all of its assets to defendant San Diego Credit Association ("SDCA"), which on the same day "sold" that inventory to Logetics with Holland signing on behalf of both SOMC and Logetics.   But SOMC was specifically prohibited from assigning Riverdeep license rights to anyone and SDCA had no right to sell Riverdeep software to anyone. The SOMC-to-SDCA-to Logetics transaction was nothing but a sham designed to defraud Riverdeep and other creditors and SOMC, SDCA and Logetics should be held accountable.

6.    Accordingly, Riverdeep brings this copyright action to enjoin further distribution of Riverdeep software by defendants, recover its gold master disks and other intellectual property, and to seek the maximum damages permitted by law.

## PARTIES

7.    Plaintiff Riverdeep is a Delaware limited liability company with its principal place of business in San Francisco, California. At all times relevant to this amended complaint, Riverdeep (and its predecessors in interest Broderbund, LLC and The Learning Company, Inc.) was a leading publisher of educational and productivity consumer software. At the times that the parties entered into the 2002 Agreement, Riverdeep had its United States corporate headquarters in Massachusetts.

3

8.     At the time it entered into the 2002 Agreement, defendant SOMC was, upon information and belief, a California corporation with its principal place of business at 1935 Camino Vida Roble, Carlsbad, California. At that time, SOMC and Holland represented that SOMC operated under the name "Software of the Month Club" and distributed software under "branded club" names and sold software to "members."

9.     Defendant Logetics is, upon information and belief, a California corporation with its principal place of business at 1935 Camino Vida Roble, Carlsbad, California. Upon information and belief, Logetics owned or was otherwise affiliated with SOMC and Holland signed the 2002 Agreement on behalf of both SOMC and Logetics, which was in the same business as SOMC. As of the filing of this complaint, Logetics' website claims that it owns SOMC.

10.    Defendant Ready, Set, Grow! ("Ready") is, upon information and belief, a wholly owned website of Logetics with its principal place of business at 1945 Palomar Oaks Way, Suite 200, Carlsbad, California.

11.    Defendant Jelly Bean Islands ("Jelly") is, upon information and belief, a wholly owned website of Logetics with its principal place of business at 1945 Palomar Oaks Way, Suite 200, Carlsbad, California.

12.    Defendant Leap Ahead is ("Leap Ahead"), upon information and belief, a wholly owned website of Logetics with its principal place of business at 1945 Palomar Oaks Way, Suite 200, Carlsbad, California.

13.    Upon information and belief, defendant Holland is a resident of California and at all relevant times was and is president and CEO of SOMC and Logetics. Holland

4

negotiated and signed both the 2002 Agreement and 2004 Agreement as well as the assignment by SOMC of its assets to SDCA and the purchase by Logetics of SOMC's assets.

14.    Upon information and belief, defendant SDCA is a California corporation with its principal place of business at 2044 First Avenue, Suite 300, San Diego, California.

## JURISDICTION and VENUE

15.    This court has jurisdiction under 28 U.S.C. §1338 because this action arises under the Copyright Act (17 U.S.C. §101 et. seq.). This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367.

16.    Riverdeep holds registered copyrights for the majority of the software titles at issue in the Agreements. Riverdeep attaches as Exhibit A a spreadsheet that includes copyright registration titles for many of the titles covered by the 2002 and 2004 Agreements. Riverdeep or its affiliates owns the listed copyrights.

17.    Venue is proper in this District because Logetics and SOMC entered into the Agreements signed by Holland that stipulate to the application of Massachusetts law and the jurisdiction of Massachusetts courts and Riverdeep was headquartered in Massachusetts at the time the parties entered into the 2002 Agreement. SDCA accepted assignment of the 2002 Agreement and of Riverdeep software subject to that agreement's Massachusetts forum selection clause.

## THE 2002 AGREEMENT

18.    On or around March 28, 2002, Broderbund (Riverdeep's predecessor in

5

interest) on the one hand and SOMC and Logetics on the other hand entered into the 2002 Agreement, which provided SOMC and Logetics with certain rights to manufacture and distribute Broderbund's software as "club products." The 2002 Agreement required SOMC/Logetics (defined as a single "OEM") to pay Broderbund $1,500,000 as "non-refundable, irrevocable, non-transferable license fees" payable from June 30, 2002 through March 30, 2003.

19.    Holland negotiated and signed the 2002 Agreement on behalf of SOMC and Logetics.

20.    Under the 2002 Agreement, Riverdeep may terminate the Agreement immediately upon a "general assignment for the benefit of creditors" and SOMC must return all Riverdeep's proprietary and confidential information immediately. Such a termination "shall not relieve [SOMC and Logetics] of any of [their] payment obligations."

21.    On or around December 30, 2002, SOMC and Logetics entered into Amendment No. 1 to the 2002 Agreement, which provided, among other things, an assignment of Broderbund's rights under the 2002 Agreement to Riverdeep and required SOMC and Logetics to pay "additional, non-refundable, irrevocable, non-transferable license fees, totaling U.S. $800,0000[sic]" during 2003. Holland signed Amendment No. 1 on behalf of both SOMC and Logetics.

22.    Accordingly, under the 2002 Agreement as amended, SOMC and Logetics agreed to pay Riverdeep a total of $2,300,000 in non-refundable, irrevocable and non-transferable license fees for 2002 and 2003.

23.    On or around June 30, 2002, SOMC and Logetics made the first $300,000

6

payment due under the 2002 Agreement. During the remainder of 2002 SOMC paid $467,041.82 of the $600,000 balance due Riverdeep for 2002.

24.    In 2003, SOMC and Logetics paid only $363,235.50 against the remaining balance due Riverdeep, leaving SOMC and Logetics owing Riverdeep $1,273,529 under the 2002 Agreement.

25.    In January 2004, SOMC and Logetics paid Riverdeep $50,000, leaving a balance due under the 2002 Agreement of $1,119,722.12.

26.    Despite repeated demands from Riverdeep, SOMC and Logetics refused to pay any more against the amounts owed Riverdeep under the 2002 Agreement.

27.    The 2002 Agreement expired on March 1, 2004, at which time SOMC and Logetics were obligated to return all Riverdeep proprietary information, including the gold master disks, and cease distribution of Riverdeep products within 180 days.

### SOMC's Use Of SDCA To Attempt To Avoid Its Obligations To Riverdeep

28.    Unknown to Riverdeep at the time, on February 24, 2004, SOMC purported to assign all its interests in its assets to SDCA for one dollar. Holland signed the assignment on behalf of SOMC. Upon information and belief, this assignment included SOMC's rights in the 2002 Agreement and Riverdeep software in SOMC's inventory at that time.

29.    On the very same day SDCA received the assignment from SOMC, SDCA sold SOMC's assets to Logetics for $46,200 and Holland signed the purchase agreement on behalf of Logetics.

30.    This SOMC-to-SDCA-to-Logetics transaction included at least 425,000

7

CDs, many of which, upon information and belief, were Riverdeep titles, and the associated marketing and packaging materials .

31.    Upon information and belief, the SDCA sale of the SOMC software to Logetics (an entity in which Holland was president) was a pre-arranged scheme to allow SOMC (also an entity in which Holland was also president) to avoid SOMC's debts through an assignment and then transfer SOMC's assets to Logetics so that Logetics could acquire SOMC's assets without its debts.

32.    SDCA knew or should have known that this transfer had the badges of fraud, including but not limited to the fact that Holland was the signatory at both ends of the transaction.

33.    Upon information and belief, the SDCA transaction was entered into without SDCA reasonably marketing, advertising, or otherwise exposing SOMC's assets to the market. In doing so, SDCA failed to meet its obligations to maximize the value of SDCA's assets on behalf of SOMC's creditors.

34.    Upon information and belief, the CDs were never transferred from SOMC to SDCA, but rather SOMC kept the CDs in its possession and Logetics who shared a business address with SOMC simply began selling SOMC's inventory.

35.    Upon information and belief, SOMC was insolvent at the time of the transfer to SDCA or became insolvent shortly thereafter.

36.    Under the 2002 Agreement, SOMC may not assign any rights absent Riverdeep's prior written consent, which was never sought or obtained for the purported SOMC to SDCA assignment.

8

37.    Riverdeep did not learn about the SOMC assignment to SDCA until July 2004 because SDCA's March 18, 2004 letter, purporting to inform Riverdeep that SOMC executed a "General Assignment for the Benefit of Creditors," was sent to Riverdeep's lock box bank account address rather than Riverdeep's proper address set forth in the 2002 Agreement. Upon information and belief, Holland provided the wrong address to SDCA so that Riverdeep would not receive notice of the assignment while Holland was negotiating the 2004 Agreement with Riverdeep.

38.    If Holland had disclosed the SOMC-to-SDCA-to-Logetics transactions, Riverdeep would not have entered into the 2004 Agreement with Logetics.

## THE 2004 AGREEMENT

39.    On or around March 28, 2004, Riverdeep and Logetics entered into the 2004 Agreement, which provided Logetics with certain rights to manufacture and distribute Riverdeep software as "club products." Although the 2004 Agreement's term was to expire on September 30, 2004, it required Logetics to pay Riverdeep a total of $375,000 as "non-refundable, irrevocable, non-transferable license fees" during the period from May 15, 2004 through December 15, 2004.

40.    Upon expiration of the 2004 Agreement, Logetics agreed to immediately return all Riverdeep proprietary information, including the gold master disks, and cease distribution of any remaining Riverdeep products inventory within 180 days thereof.

41.    Holland signed the 2004 Agreement on behalf of Logetics.

42.    To date, Logetics has paid only $172,926.82 of the $375,000 due under the 2004 Agreement, leaving Logetics owing Riverdeep $202,073.18 in Guaranteed

9

License Fees.

43. Despite repeated demands from Riverdeep, Logetics has refused to pay any more of the Guaranteed Licensee Fees against the amounts owed under the 2004 Agreement. Instead, in express violation of the terms and conditions of the Agreement, Logetics has sent small and inconsistent payments that Logetics claims represent royalties on products actually sold in the previous period.

44. In March 2005, Logetics sent a payment of approximately $20,000 in purported payment for "any and all obligations outstanding." Riverdeep rejected that payment and declined to cash the marked check.

45. Despite demand from Riverdeep that Logetics return Riverdeep's intellectual property, Logetics has failed to return Riverdeep's gold master disks and, based on Logetics' websites, as of the date the complaint was filed in this action, Logetics continued to distribute Riverdeep software without license to do so.

## **Riverdeep Suffered Irreparable Harm**

46. Pursuant to the express terms of the Agreements, neither SOMC nor Logetics have any license to distribute Riverdeep's copyrighted software. Nevertheless upon Holland's direction and without permission, SOMC and Logetics continue to distribute Riverdeep's software through their websites. Under such circumstances, irreparable harm is presumed.

47. Indeed, Logetics' and SOMC's illegal distribution of Riverdeep's copyrighted software is demonstrated through www.logetics.com, www.somc.com, www.jellybeanislands.com, www.leapahead.com, and www.rsgclub.com, all of which

10

are affiliated with Logetics, and other Logetics-affiliate websites including www.familysavingsoutlet.com and www.smart-estore.com, which misrepresent that they have rights to distribute many of Riverdeep's copyrighted software titles and offer the Riverdeep products directly for sale (representative copies of webpages from each defendant reflecting such offerings are attached to the original complaint as Exhibit A).

48.    Holland knew or should have known that directing Logetics, SOMC, Jelly Bean, Leap Ahead, and Ready to continue to sell Riverdeep software would result in those entities infringing Riverdeep's copyrights.

49.    Riverdeep will suffer irreparable harm to the extent SOMC, Logetics, Jelly Bean Islands, Leap Ahead, and Ready, Set, Grow! distribute Riverdeep software without a license to do so, in violation of Riverdeep's copyrights.

50.    Absent injunctive relief, Riverdeep will suffer irreparable harm to the extent SOMC, Logetics, Jelly Bean Islands, Leap Ahead and Ready, Set Grow! continue to distribute Riverdeep software in a manner that erodes the proprietary brands and the goodwill associated with such brands, and permanently damages the value of the brands by continuous flooding of the consumer marketplace with dramatically discounted prices which in turn damages Riverdeep's retail and e-retail channel and Riverdeep's own direct-to-consumer website business found at www.broderbund.com.

## COUNT ONE
### (Copyright Infringement — Against Logetics, SOMC, Ready, Leap Ahead, Jelly Bean, and Holland)

51.    Riverdeep repeats, realleges and incorporates by reference as though fully set forth herein each and every allegation in paragraphs 1 through 50 of this First

11

Amended Complaint.

52.     Riverdeep granted SOMC and Logetics non-exclusive rights to distribute Riverdeep's copyrighted software under the Agreements.

53.     The 2002 Agreement expired on its terms on March 1, 2004 and the 2004 Agreement expired on its terms on September 30, 2004, with Logetics sell off rights expiring March 29, 2005.

54.     Upon expiration of the Agreements, SOMC and Logetics were required to return Riverdeep's intellectual property, including the gold master disks, to immediately cease reproduction of Riverdeep's products, and to cease distribution and sale of Riverdeep's products within 180 days.

55.     Despite the express prohibition against duplication and distribution, SOMC and Logetics continue to distribute Riverdeep's software products in violation of the Agreements and Riverdeep's copyrights.

56.     Defendants Jelly Bean, Leap Ahead, and Ready, all of which are affiliated with of Logetics, and other affiliate websites of Logetics, also distribute Riverdeep's software products in violation of Riverdeep's copyrights.

57.     Holland, as President of SOMC and Logetics, directs, controls and ratifies the actions of Logetics, SOMC, Jelly Bean, Leap Ahead, and Ready including the unlicensed and unauthorized distribution of Riverdeep software.

58.     Riverdeep will suffer irreparable harm to the extent SOMC, Logetics, Jelly Bean, Leap Ahead, and Ready distribute Riverdeep software without a license to do so, in violation of Riverdeep's copyrights.

59.   The public interest in the protection of copyrights and intellectual property favors an injunction as requested by Riverdeep.

60.   Accordingly, Riverdeep seeks damages in an amount to be determined at trial and preliminary and permanent injunctions prohibiting Logetics, SOMC, Ready, Leap Ahead, Jelly Bean and Holland from further copying or distribution of Riverdeep software.

## COUNT TWO
### (Copyright—against SDCA)

61.   Riverdeep repeats, realleges and incorporates by reference as though fully set forth herein each and every allegation in paragraphs 1 through 60 of this First Amended Complaint.

62.   SDCA never had a right to distribute or sell Riverdeep software.

63.   Nevertheless, SDCA sold Logetics 425,000 CDs, including Riverdeep software, in violation of Riverdeep's copyrights in an asset sale agreement that reflects SDCA's willful and knowing violation of Riverdeep's copyrights.

64.   Accordingly, Riverdeep seeks damages from SDCA in an amount to be determined at trial.

## COUNT THREE
### (Breach of Contract – 2002 Agreement—Against Logetics and SOMC)

65.   Riverdeep repeats, realleges and incorporates by reference as though fully set forth herein each and every allegation in paragraphs 1 through 64 of this First Amended Complaint.

66.   The rights and obligations between Riverdeep and SOMC and Logetics

13

are reflected in the 2002 Agreement.

67.    Broderbund and Riverdeep performed all obligations required of them under the 2002 Agreement or were excused from doing so.

68.    Without excuse, SOMC and Logetics breached the 2002 Agreement by, among other things: (1) failing to make all guaranteed royalty payments when due; (2) purporting to assign SOMC's rights under the 2002 Agreement to SDCA; and (3) continuing to distribute Riverdeep software notwithstanding (1) and (2) above as well as (3) the expiration of the 2002 Agreement and all sell off rights.

69.    Riverdeep has been damaged in an amount of at least $1,119,722.12 remaining due under the 2002 Agreement plus imputed minimum royalties of not less than $67,000 per month for the period that defendants distributed Riverdeep software without a license.

## COUNT FOUR
### (Fraudulent Conveyance—Against SOMC, SDCA, and Logetics)

70.    Riverdeep repeats, realleges and incorporates by reference as though fully set forth herein each and every allegation in paragraphs 1 through 69 of this First Amended Complaint.

71.    Defendant SOMC made transfers to SDCA without receiving reasonably equivalent value in exchange.

72.    Upon information and belief, SOMC contends that it has no remaining assets to satisfy its obligations to Riverdeep.

73.    In making the transfer to SDCA, SOMC intended to incur, or believed or

14

reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

74. SOMC transferred its assets to SDCA at a time that it owed Riverdeep $1,119,722.12.

75. SOMC transferred substantially all its assets to SDCA with the intent to hinder, delay, or defraud Riverdeep.

76. On the same day that SOMC made its assignment for the benefit of creditors, SDCA transferred most of SOMC's assets to Logetics including 425,000 CDs and associated marketing and packaging materials.

77. Holland signed both the assignment for the benefit of creditors on behalf of SOMC and the asset purchase agreement on behalf of Logetics.

78. Upon information and belief, SOMC never physically transferred the CDs to SDCA, but rather SOMC kept them in its possession and Logetics began selling SOMC's inventory.

79. The CDs transferred from SOMC to SDCA were essential assets of SOMC's business.

80. SOMC's transfer of assets to SDCA and SDCA's subsequent transfer of assets to Logetics has damaged Riverdeep in an amount to be determined at trial.

## COUNT FIVE
### (Breach of Contract–2004 Agreement—Against Logetics)

81. Riverdeep repeats, realleges and incorporates by reference as though fully set forth herein each and every allegation in paragraphs 1 through 80 of this First

15

Amended Complaint.

82. The rights and obligations between Riverdeep and Logetics are reflected in the 2004 Agreement.

83. Riverdeep performed all obligations required of it under the 2004 Agreement or was excused from doing so.

84. Without excuse, Logetics breached the 2004 Agreement by, among other things: (1) failing to make all guaranteed royalty payments when due and owing under the 2004 Agreement; (2) failing to return to Riverdeep its intellectual property, including its gold masters; and (3) continuing to distribute Riverdeep software after expiration of the 2004 Agreement and all sell of rights.

85. Riverdeep has been damaged in an amount of $202,073.18 remaining due under the 2004 Agreement plus imputed minimum royalties of not less than $67,000 per month for the period that Logetics distributed Riverdeep software without a license.

## COUNT SIX
## (Specific Performance—Logetics and SOMC)

86. Riverdeep repeats, realleges and incorporates by reference as though fully set forth herein each and every allegation in paragraphs 1 through 85 of this First Amended Complaint.

87. Under the Agreements, Logetics and SOMC expressly agreed to pay Riverdeep $2,675,000 as a non-refundable Guaranteed License Fees for certain rights to manufacture and distribute Riverdeep software as "club products." Without excuse,

16

SOMC and Logetics have refused to pay Riverdeep the $1,321,795.30 in guaranteed minimum royalty payments already due.

88.    Riverdeep has performed all its obligations owed SOMC and Logetics under the Agreements or has been excused from such performance.

89.    Both Agreements have expired and, by their terms, require SOMC and Logetics to return Riverdeep's proprietary materials, including the gold master computer disks.

90.    SOMC and Logetics have repudiated their obligations to pay the guaranteed minimum royalties due Riverdeep and have failed and refused to return Riverdeep's proprietary materials. Since the license fee was non-refundable, no relief other than specific performance will adequately compensate Riverdeep for the losses suffered by SOMC's and Logetics' breach.

## COUNT SEVEN
### (Fraud—Logetics and Holland)

91.    Riverdeep repeats, realleges and incorporates by reference as though fully set forth herein each and every allegation in paragraphs 1 through 90 of this First Amended Complaint.

92.    Logetics and Holland had a duty to provide Riverdeep with material facts within their knowledge.

93.    In negotiating the 2004 Agreement, SOMC, Holland and Logetics failed to disclose the SOMC/SDCA/Logetics transaction.

94.    Holland, in his capacity as SOMC's president, was responsible for winding

17

down SOMC and protecting SOMC's creditors during that process.

95. Holland as SOMC president and the person responsible for arranging the assignment of SOMC's assets to SDCA, directed SDCA to send notice to Riverdeep to an address that Holland knew would not provide Riverdeep with actual notice.

96. Holland was also the person at Logetics who negotiated the 2004 Agreement on behalf of Logetics.

97. Neither Holland nor Logetics disclosed to Riverdeep that SOMC had transferred its assets, including approximately 425,000 software CDs, many of which were Riverdeep titles, to Logetics through an assignment to SDCA.

98. SOMC, Holland, and Logetics purposefully did not advise Riverdeep of the assignment and the subsequent sale because they knew that it would be material information to Riverdeep in the negotiations with Logetics over the 2004 Agreement.

99. In agreeing to the 2004 Agreement, Riverdeep reasonably relied on Logetics' and Holland's failure to provide Riverdeep with full and complete information regarding the SOMC/SDCA/Logetics transaction.

100. Riverdeep would not have entered into the 2004 Agreement had it known about the SOMC/SDCA/Logetics transaction.

101. Logetics, and Holland knew at the time that Riverdeep entered into the 2004 Agreement that SOMC had fraudulently transferred its assets, including Riverdeep property, to Logetics.

102. As a result of the fraud, Riverdeep was damaged in an amount it will prove at trial.

## COUNT EIGHT
### (Breach of Fiduciary Duty - SDCA)

103.    Riverdeep repeats, realleges and incorporates by reference as though fully set forth herein each and every allegation in paragraphs 1 through 102 of this First Amended Complaint.

104.    As an assignee for the benefit of creditors, SDCA owed a fiduciary duty to SOMC's creditors, including Riverdeep, to maximize the value of the assets it received from SOMC.

105.    SDCA breached that duty when it:

(1) knew or should have known that the assignment for the benefit of creditors was a fraudulent transaction;

(2) engaged in an assignment whereby SOMC transferred to SDCA Riverdeep software in violation of the 2002 Agreement;

(3) sold SOMC's assets including the 425,000 CDs and associated marketing and packaging materials for a fraction of their worth;

(4) failed to maximize the SOMC estate by not opening the sale of SOMC's assets to the public;

(5) violated Riverdeep's copyright by selling Riverdeep software without a valid license; and

(6) failed to give Riverdeep notice of the assignment in an accurate and timely manner.

106.    As a result of SDCA's breaches of fiduciary duty, Riverdeep has suffered

19

damages in an amount it will prove at trial.

## COUNT NINE
### (Declaratory Judgment - SDCA)

107. Riverdeep repeats, realleges and incorporates by reference as though fully set forth herein each and every allegation in paragraphs 1 through 106 of this First Amended Complaint.

108. Based on a document purporting to be an assignment from SOMC to SDCA, Riverdeep is informed and believes that SDCA has been assigned all rights of SOMC and Logetics in the 2002 Agreement.

109. The 2002 Agreement prohibits assignment without the express consent of Riverdeep, which consent has neither been requested of, nor granted by, Riverdeep.

110. Consequently, SOMC's assignment of the 2002 Agreement violates its terms and SDCA has no rights under the 2002 Agreement.

111. Riverdeep therefore requests a declaratory judgment that SDCA has no rights under the 2002 Agreement, and may neither exercise any of the rights granted to SOMC and Logetics thereunder, nor transfer, assign, sell, or otherwise dispose of the rights granted thereunder.

## COUNT TEN
### (Breach of Fiduciary Duty—Holland)

112. Riverdeep repeats, realleges and incorporates by reference as though fully set forth herein each and every allegation in paragraphs 1 through 111 of this First Amended Complaint.

113. On February 24, 2004, SOMC was insolvent.

20

114. Holland as the director of an insolvent corporation owed a fiduciary duty to its creditors, including Riverdeep.

115. Holland breached that duty when he:

(1) orchestrated an assignment for the benefit of creditors, which was in fact a fraudulent insider transaction to benefit Logetics;

(2) orchestrated an assignment whereby SOMC transferred Riverdeep software in violation of the 2002 Agreement; and

(3) failed to give Riverdeep notice of the assignment in a timely manner.

116. As a result of SDCA's breaches of fiduciary duty, Riverdeep has suffered damages in an amount it will prove at trial.

WHEREFORE, Riverdeep demands judgment as follows:

A. Enjoining SOMC, Logetics, Jelly Bean, Leap Ahead, Ready, Holland, and any other distribution channel or website affiliates of any of the above, from further production or sale and/or distribution of Riverdeep software under Count One;

B. Enjoining SDCA from any further production or distribution of Riverdeep software and award Riverdeep damages in an amount to be determined at trial, including statutory damages for its knowing and willful infringement of Riverdeep's copyrights under Count Two;

C. Award Riverdeep damages in an amount to be determined at trial of not less than $1,119,722.12, including statutory damages against SOMC,

21

Logetics, Jelly Bean, Leap Ahead, Ready, SDCA, and Holland, for their knowing and willful infringement of Riverdeep's copyrights under Counts One, Two, Three, Four, Eight and Ten;

D.    Award Riverdeep damages in the amount of not less than $66,666.67 per month for each month that defendants distributed Riverdeep software without a license or, in the alternative, require defendants to recover all copies of Riverdeep software distributed after February 24, 2004, under Counts Three, Four, Five;

E.    Award Riverdeep damages in the amount of not less than $202,073.18 under Counts Five and Seven;

F.    Order SOMC and Logetics to specifically perform its obligations under the Agreements, including payment of all Guaranteed License Fees and return of Riverdeep's intellectual property under Count Six;

G.    Issue a declaratory judgment that SDCA has no rights under the 2002 Agreement, and may neither exercise any of the rights granted to SOMC and Logetics thereunder, nor transfer, assign, sell, or otherwise dispose of the rights granted thereunder under Count Nine; and

**22**

H.   Grant such other and further relief as the Court deems just and proper.

Dated: May 17, 2005                              Respectfully submitted,

Irwin B. Schwartz BBO#548763
PETRIE SCHWARTZ LLP
500 Boylston Street, Suite 1860
Boston, Massachusetts 02116
(617) 421-1800

Counsel for Plaintiff
Riverdeep, Inc., LLC

## Certificate of Service

I, Irwin B. Schwartz, attorney for Plaintiff, Riverdeep, Inc., LLC, hereby certify that on this 17th day of May 2005, I served a copy of the foregoing document on Defendants' attorney by delivering the same, via United States mail, postage prepaid, to James R. Ballard, Esquire, Schwartz Semerdjian Haile Ballard & Cauley LLP, 101 West Broadway, Suite 810, San Diego, CA 92101, Daniel B. Winslow, Esquire, Duane Morris, 470 Atlantic Avenue, Suite 500, Boston, MA 02210 and Mr. Thomas E. Holland, SOMC, 1945 Palomar Oaks Way, Suite 200, Carlsbad, CA 92009.

Irwin B. Schwartz

PRODUCT COPYRIGHT REGISTRATION NUMBERS

| Product | Reg Date | Reg No |
|---|---|---|
| 3d Home Design Kit - 2 CD | 8/30/02 | TX-5-601-112 |
| Amazon Trail® 3rd Edition: Rainforest Adventures™ Ages 9 and up | 9/25/98 | PA-910-383 |
| Arthur Math Games | 12/12/00 | TX-5-190-570 |
| Arthur Readings Games | 8/30/02 | TX-5-746-441 |
| Arthur's Thinking Games | 8/30/02 | TX-5-746-438 |
| Arthur First Grade | 8/30/02 | TX-5-746-435 |
| Arthur Second Grade | 8/30/02 | TX-5-734-389 |
| Arthur Kindergarten | 8/30/02 | TX-5-734-400 |
| Arthur Preschool | 12/12/00 | TX-5-190-549 |
| Arthur Adventure with DW | 12/11/00 | TX-5-201-035 |
| Arthur's Birthday | 8/30/02 | TX-5-746-446 |
| Arthur's Camping Adventure | 12/12/00 | TX-5-190-553 |
| Arthur's Computer Adventure | 12/11/00 | TX-5-306-677 |
| Arthur Reading Race | 8/30/02 | TX-5-734-390 |
| Arthurs Teacher Trouble | 11/10/93 | TX-3-636-863 |
| Baileys Book House | 10/23/95 | PA-795-734 |
| Bob Vila's Home Design | 6/24/98 | PA-905-181 |
| Body Works 6 | 11/14/86 | TX-1-941-905 |
| Broderbund Family Lawyer 2002 | 9/6/02 | TX-5-586-231 |
| Calendar Creator 8.0 | 9/6/02 | TX-5-586-225 |

| | | |
|---|---|---|
| Carmen Sandiego Jr. Detective | 9/4/96 | PA-817-427 |
| Carmen Sandiego Math Detective™ Ages 8 to 14 | 8/30/02 | TX-5-746-450 |
| Carmen Sandiego Word Detective™ | 8/30/02 | TX-5-746-437 |
| Carmen Sandiego's Great Chase Through Time™ (2-CD Set) | 8/30/02 | TX-5-746-442 |
| Carmen Sandiego's ThinkQuick Challenge | 8/30/02 | TX-5-746-436 |
| Children's Bible Stories | 8/8/97 | TX-4-571-438 |
| Click Art 2 FONTS | 8/30/02 | TX-5-601-128 |
| Click Art 10K | 8/30/02 | TX*5-601-138 |
| Click Art Presentation Graphics | 8/30/02 | TX-5-601-127 |
| ClueFinders 3rd Grade Adventures | 12/11/00 | PA-1-023-597 |
| ClueFinders 4th Grade Adventures | 12/11/00 | PA-1-024-018 |
| ClueFinders 5th Grade Adventures | 8/23/99 | PA-954-472 |
| ClueFinders 6th Grade Adventures | 12/11/00 | PA-1-024-020 |
| ClueFinders Incredible Toy Store Adventure | 8/30/02 | TX-5-732-779 |
| ClueFinders Math Adventures 9-12 | 12/11/00 | PA-1-024-019 |
| ClueFinders Personalized Reading 9-12 | 8/30/02 | TX-5-732-785 |
| Compton's 3D World Atlas | 8/25/97 10/24/97 | PA-868-896 PA-842-123 |
| Compton's Interactive Bible - NIV | 8/5/97 | PA-868-899 |
| Daniel in the Lion's Den | 9/22/98 | PA-910-341 |
| Explorers of the New World | 2/12/96 | PA-792-449 |
| Family Lawyer 2004 | 9/6/02 | TX-5-586-231 |
| Family Tree Maker 9 (OEM) | 2/20/98 | TX-4-675-608 |
| Groliers Encyclopedia | 10/1/99 | TX-5-001-367 |

| Title | Date | Registration |
|---|---|---|
| Imagination Express Destination Oceans | 12/27/95 | PA-785-664 |
| Imagination Express Destination Pyramids | 9/17/97 | PA-842-125 |
| Imagination Express Destination Rainforest | 10/4/95 | PA-764-637 |
| Imagination Express Destination Time Trip USA | 6/17/96 | PA-817-448 |
| Just Grandma and Me | 6/13/94 | TX-3-805-803 |
| Kid Pix Deluxe 3 | 8/30/02 | PA-1-100-342 |
| Kid Pix Studio Deluxe | 11/1/95 | PA-768-260 |
| Leap Ahead! 1st Grade | 4/29/99 | PA-881-717 |
| Leap Ahead! 2nd Grade | 4/29/99 | PA-881-719 |
| Leap Ahead! 3rd Grade | 4/29/99 | PA-881-715 |
| Leap Ahead! Math 6-9 | 4/29/99 | PA-881-718 |
| Leap Ahead!™ Phonics Ages 4 to 7 | 5/4/99 | PA-941-825 |
| Leap Ahead! Preschool | 4/29/99 | PA-881-716 |
| Leap Ahead! Reading 6-11 | 6/16/99 | PA-951-793 |
| Learn to Speak English 8.0 | 12/30/97 | PA-875-070 |
| Learn to Speak English 8.1 | 8/30/02 | TX-5-734-387 |
| Learn to Speak English from Spanish (Hablemos Ingeís) 7.0 | 12/30/97 | PA-875-069 |
| Learn to Speak French 8.1 | 8/30/02 | TX-5-734-392 |
| Learn to Speak German 8.1 | 8/30/02 | TX-5-564-269 |
| Learn to Speak Spanish 8.1 | 8/30/02 | TX-5-734-393 |
| Let's Go Read! 1: An Island Adventure | 8/10/98 | PA-910-357 |
| Little Bear Kindergarten Thinking Adventures | 12/11/00 | TX-5-233-495 |
| Little Bear Preschool Thinking Adventures | 12/11/00 | TX-5-201-009 |
| Little Bear Rainy Day Activities | 12/11/00 | TX-5-306-680 |

| Title | Date | Registration |
|---|---|---|
| Little Bear Toddler Discovery Adventures | 12/11/00 | TX-5-201-039 |
| Living Books Little Monster | 6/13/94 | TX-3-805-800 |
| Living Books Stellaluna | 8/30/02 | TX-5-746-432 |
| Living Books Tortoise and the Hare | 11/1/95 | PA-768-265 |
| Logical Journey of the Zoombinis | 6/10/96 | PA-827-082 |
| Math Workshop Deluxe | 2/18/97 | TX-4-467-274 |
| Mavis Beacon Teaches Typing 9 | 8/11/98 | PA-910-387 |
| Mavis Beacon Teaches Typing 12 Standard | 8/30/02 | TX-5-746-453 |
| Mighty Math Astro Algebra | 10/23/00 | TX-5-280-188 |
| Mighty Math Carnival Countdown | 8/5/96 | PA-817-449 |
| Mighty Math Zoo | 9/24/97 | PA-885-186 |
| Millies Math House | 9/13/94 | PA-729-687 |
| Mosby's Medical Encyclopedia™ Ages 12 and up | 8/22/97 | PA-868-902 |
| Oregon Trail II | 5/17/95 | PA-726-231 |
| Oregon Trail III | 12/23/97 | PA-876-393 |
| Oregon Trail IV | 2/12/01 | PA-953-931 |
| Oregon Trail V | 8/30/02 | TX-5-734-401 |
| Orly's Draw-A-Story Ages 5 to 10 | 8/30/02 | TX-5-732-778 |
| Practice Makes Perfect Spanish | 11/13/96 | PA-826-697 |
| Printmaster Homework Helper | 8/30/02 | TX-5-595-384 |
| PrintMaster® Party & Crafts Creator Ages 14 and up | 9/6/02 | TX-5-586-226 |
| PrintMaster® Silver 11 Ages 12 and up | 9/6/02 | TX-5-586-230 |
| Printshop Business Card Creator | 8/30/02 | TX-5-595-383 |
| Print Shop Essentials 12 | 8/30/02 | TX-5-601-140 |

| Title | Date | Registration |
|---|---|---|
| Printshop Brochures, Newsletters & More | 8/30/02 | TX-5-601-123 |
| Print Shop Photo Workshop | 8/30/02 | TX-5-601-121 |
| Print Shop CD Label Creator | 8/30/02 | TX-5-601-141 |
| Print Shop Deluxe For Broadband 15 | 8/30/02 | TX-5-601-109 |
| Reader Rabbit's® 1st Grade | 8/30/02 | TXu-1-100-629 |
| Reader Rabbit's 2nd Grade | 8/30/02 | TXu-1-100-630 |
| Reader Rabbit Dreamship Tales (Parents Premium) | 6/19/03 | TX-5-732-777 |
| Reader Rabbit I Can Read with Phonics | 8/30/02 | TXu-1-100-631 |
| Reader Rabbit's® Kindergarten | 8/30/02 | TXu-1-100-626 |
| Reader Rabbit's Learn to Read with Phonics Preschool Kindergarten | 8/30/02 | TX-5-734-383<br>TX-5-746-426 |
| Reader Rabbit Let's Start Learning! | 4/29/99 | PA-881-716 |
| Reader Rabbit's® Math Ages 4 to 6 | 6/25/03<br>11/3/98 | TX-5-732-775<br>PA-923-365 |
| Reader Rabbit's® Math Ages 6 to 9 | 11/3/98 | PA-923-343 |
| Reader Rabbit's Math Journey (Gr. 1-3) | 3/17/98 | PA-886-456 |
| Reader Rabbit's® Playtime for Baby (2-CD Set) | 8/23/99 | PA-965-505 |
| Reader Rabbit Preschool 2002 V1.12 | 8/30/02 | TXu-1-100-628 |
| Reader Rabbit's® Preschool Ages 3 to 5 | 9/25/98 | PA-910-365 |
| Reader Rabbit Presents: Math Journey for Grades 1-3 | 3/17/98 | PA-886-456 |
| Reader Rabbit's® Reading 1 (for Phonics) Ages 3 to 7 | 8/30/02 | TX-5-747-415 |
| Reader Rabbit's® Reading Ages 4 to 6 | 11/3/98 | PA-923-366 |
| Reader Rabbit's® Reading Ages 6 to 9 | 11/3/98 | PA-923-353 |
| Reader Rabbit's® Thinking Adventures (2-CD Set) Ages 4 to 6 | 8/30/02 | TX-5-734-384 |
| Reader Rabbit's® Toddler | 8/11/97 | TX-4-571-439 |

| | | |
|---|---|---|
| Reader Rabbit Toddler 2002 V2 (2 CD version) | 8/30/02 | TX-5-905-607 |
| Road Adventures USA | 12/11/00 | PA-1-030-995 |
| Sammy's Science House | 3/17/95<br>10/12/95 | PA-697-612<br>PA-764-640 |
| Schoolhouse Rock!® Grammar Rock™ Ages 6 to 10 | 8/30/02 | TX-5-746-428 |
| Schoolhouse Rock Math Rock | 8/30/02 | TX-5-747-423 |
| Stanley's Sticker Stories | 9/6/96 | PA-833-584 |
| Starflyers Alien Space Chase | 8/30/02 | TX-5-746-451 |
| Starflyers Royal Jewel Rescue VI | 8/30/02 | TX-5-746-423 |
| Storybook Weaver Deluxe | 3/17/98 | PA-892-379 |
| Super Solvers Gizmos & Gadgets | 8/16/96 | PA-818-169 |
| Super Solvers Midnight Rescue | 8/20/96 | PA-820-126 |
| Super Solvers Mission Think | 10/24/97 | PA-864-833 |
| Super Solvers Outnumbered | 8/15/96 | PA-820-091 |
| Super Solvers Reading 9-12 | 11/3/98 | PA-923-362 |
| Super Solvers Spellbound | 8/20/96 | PA-818-170<br>PA-820-118 |
| Talking Walls | 6/29/00 | PA-1-000-160<br>PA-1-000-161 |
| The Art Lesson | 3/17/98 | PA-885-159 |
| Thinkin Things All Around Fripple Town | 6/21/99 | PA-951-812 |
| Thinkin Things Galactic Brain Benders | 7/28/99 | PA-962-769 |
| Treasure Cove | 8/27/97 | PA-868-989 |
| Treasure Galaxy | 8/20/96 | PA-820-117 |
| Treasure Mathstorm | 8/29/97 | PA-868-901 |

| | | |
|---|---|---|
| Treasure Mountain | 9/17/97 | PA-868-895 |
| Trivia Munchers | 3/17/98 | PA-886-453 |
| Troggle Trouble Math | 5/18/95 | PA-764-629<br>TX-4-039-417<br>TX-4-039-418 |
| Ultimate Writing & Creativity Center™ Ages 6 to 10 | 8/30/02 | TX-5-732-790 |
| Where In The USA Is Carmen Sandiego?℠® Ages 8 to 14 | 9/20/02 | TX-5-776-504 |
| Where In The World Is Carmen Sandiego?® | 8/30/02 | TX-5-747-413 |
| Where in Time is Carmen Sandiego | 8/15/03 | TX-5-814-413 |
| Yukon Trail | 4/27/95<br>5/18/95 | TX-4-018-855<br>TX-4-039-421 |
| Zoombinis Mtn Rescue V1.0 | 8/30/02 | TX-5-746-430 |