UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RIVERDEEP INC., A LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SOMC GROUP, INC., a California corporation; LOGETICS, INC., a California corporation; SAN DIEGO WHOLSEALE CREDIT ASSOCIATION d/b/a SAN DIEGO CREDIT ASSOCIATION, a California corporation; READY, SET, GROW!, a California corporation; JELLY BEAN ISLANDS, a California corporation; and LEAP AHEAD, a California corporation, THOMAS E. HOLLAND,<br><br>Defendants. | Civil Action No. 05-10816 REK<br><br>RIVERDEEP'S OPPOSITION TO DEFENDANT SAN DIEGO WHOLESALE CREDIT ASSOCIATION'S MOTION FOR LEAVE TO FILE OVERLENGTH BRIEF |

Riverdeep, Inc. ("Riverdeep") opposes San Diego Wholesale Credit Association's ("SDWCA") Motion for Leave to File Overlength Brief because SDWCA's "everything but the kitchen sink approach to advocacy" is neither helpful nor a necessary use of judicial resources. Springfield Terminal Ry. Co. v. United Transp. Union, 767 F.Supp. 333, 355 (D. Me. 1991) (citing M.S.V., Inc. v. Bank of Boston-- Western Mass. N.A., 892 F.2d 5, 6 (1st Cir. 1989)). Indeed, the First Circuit has made it clear that it will not tolerate excessively lengthy briefs if the extra length is "unnecessary and [does] not help." M.S.V., 892 F.2d at 6 (assessing double costs).

Notwithstanding Local Rule 7.1(B)(4)'s 20-page limit, SDWCA's 32-page memoranda in support of its motion to dismiss ("Memo") is awash with nonsensical

arguments and ignores the Rule 12(b) axiom that the complaint's allegations are taken as true. Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998). By way of example and set forth briefly below (and without arguing the merits of the motion to dismiss), the inappropriateness of SDWCA's briefing is particularly evident in SDWCA's arguments regarding laches, declaratory judgment and First Sale doctrine, which serve only to harass Riverdeep and waste judicial resources in forcing the Court to respond to them:

- Laches (Memo at 31-32) is particularly inappropriate because SDWCA carries the burden to show from the allegations that Riverdeep's delay in bringing suit was unreasonable and resulted in prejudice. Cobb v. Prokop, 557 F.Supp. 391, 397 (D. Mass. 1983) ("Unlike the operation of a statute of limitations, a finding of laches depends on careful attention to the particular facts and historical nuances of each case"); Carrell v. Shubert Org., Inc., 104 F.Supp.2d 236, 263 (S.D.N.Y. 2000) (laches not proper on motion to dismiss unless the complaint on its face establishes no set of facts to avoid the bar of laches); see also Conlon v. Sawin, 651 N.E.2d 1234, 1235 (Mass. 1995) (laches is an affirmative defense and may not be raised on a motion to dismiss).

- SDWCA inappropriately argues facts on the declaratory judgment count (Memo at 30-31) claiming assignment is permissible in a merger or the sale of SOMC business even though Riverdeep's only allegations on this point are that assignment was for the benefit of creditors, not a sale or merger.

- "First Sale" affirmative defense (Memo at 17-18) is nonsense because Riverdeep alleged that SOMC's assignment to SDWCA was unlawful and, absent lawful authorized sales of software, "the Court cannot conclude that Defendant's acts were authorized so as to trigger the first sale doctrine." Too, Inc. v. Kohl's Dept. Stores, Inc., 2002 WL 31409852, *3 (S.D. Ohio, Sept. 4, 2002) (infringer bears burden of tracing the title to prove that the first sale doctrine applies); MapInfo Corp. v. Spatial Re-Engineering Consultants, 2004 WL 26350, *4 (N.D.N.Y., Jan. 5, 2004) (denying summary judgment "because it would be unfair to [plaintiff] to determine this fact intensive issue without permitting an opportunity for discovery"). See also MapInfo, 2004 WL 26350, *3 (First Sale doctrine does not apply to license agreements (as alleged by Riverdeep) because entering a license agreement is not a sale for purposes of the first sale doctrine); Microsoft Corp. v. Harmony Computers & Elecs.,

846 F.Supp. 208, 213 (E.D.N.Y. 1994).

Based on these arguments and others, SDWCA's long winded motion to dismiss briefing does not "aid the Court in focusing and resolving issues" but instead "obfuscate[s] the real issues by giving equal prominence to tangential or totally irrelevant matters in hopes of tiring out the other party or wearing down the Court . . . ." Springfield, 767 F.Supp. at 355.

## CONCLUSION

Page limits discourage the filing of excessively long briefs and encourage "the discipline of compression." M.D.V., 892 F.2d at 6. Because SDWCA failed to exercise "the discipline of compression" this Court should deny the motion for leave to file an overlength brief, deny the motion to dismiss without prejudice as lacking a supporting brief, and award Riverdeep costs of $950 incurred in opposing the overlength motion.

Dated: June 7, 2005                    Respectfully submitted,

                                       Irwin B. Schwartz BBO#548763
                                       PETRIE SCHWARTZ LLP
                                       500 Boylston Street, Suite 1860
                                       Boston, Massachusetts 02116
                                       (617) 421-1800

                                       Counsel for Plaintiff
                                       Riverdeep, Inc., LLC

## Certificate of Service

    I, Irwin B. Schwartz, attorney for Plaintiff, Riverdeep, Inc., LLC, hereby certify that on this 7th day of June 2005, I served a copy of the foregoing document on Defendants' attorney by delivering the same, via United States mail, postage prepaid, to Matthew Walko, Smith & Dugan LLP, Two Center Plaza, Suite 620, Boston, MA 02108-1906, Daniel B. Winslow, Esquire, Duane Morris, 470 Atlantic Avenue, Suite 500, Boston, MA 02210 and Mr. Thomas E. Holland, SOMC Group, Inc., 1945 Palomar Oaks Way, Suite 200, Carlsbad, CA 92009.

                                                Irwin B. Schwartz