UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RIVERDEEP INC., A LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SOMC GROUP, INC.; LOGETICS, INC.; SAN DIEGO WHOLSEALE CREDIT ASSOCIATION d/b/a SAN DIEGO CREDIT ASSOCIATION; READY, SET, GROW!; JELLY BEAN ISLANDS; LEAP AHEAD, and THOMAS E. HOLLAND,<br><br>Defendants. | Civil Action No. 05-10816 REK<br><br>RIVERDEEP'S MOTION TO EXCLUDE OR STRIKE |

Riverdeep, Inc. ("Riverdeep"), pursuant to Fed. R. Civ. P. 12(b), respectfully moves the Court to exclude or strike as extraneous portions of the Motion to Dismiss or Transfer and supporting documents submitted by defendant Logetics, Inc. ("Logetics"). As grounds for this motion, Riverdeep states:

1. This Court should not consider on a Rule 12(b)(6) motion evidence outside the Amended Complaint's allegations. Fed. R. Civ. P. 12(b); O'Brien v. DiGrazia, 544 F.2d 543, 545 (1st Cir. 1976) (improper to consider facts outside complaint in motion to dismiss, but upholding dismissal on other grounds). Fed. R. Civ. P. 12(b)(6) provides that a district court presented with extraneous evidence may: (1) exclude the improper evidence; or (2) convert the motion to a summary judgment motion. McMillan v. College Pro Painters, Ltd., 350 F.Supp.2d 132, 135 n.2 (D. Me. 2004) (granting motion to

strike).[1]

2. While extraneous evidentiary support may be appropriate for a Rule 12(b)(2), Rule 12(b)(3), or 28 U.S.C. § 1404(a) motion, the movant does not have carte blanche to submit materials extraneous and irrelevant to the jurisdictional or venue issues. <u>LFC Lessors, Inc. v. Pearson</u>, 585 F.Supp. 1362, 1363 (D. Mass. 1984) (In a motion to dismiss for lack of jurisdiction, court may consider affidavits relevant to the question of jurisdiction); <u>see also</u> <u>Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.</u>, 290 F.3d 42, 51 (1st Cir. 2002) (court may consider plaintiff's properly documented evidentiary proffers in support of jurisdiction that it must accept as true and defendant's uncontradicted facts).

3. On June 16, 2005, Logetics filed its Motion to Dismiss or Transfer and supporting memoranda and affidavits purportedly pursuant to Fed. R. Civ. P. 12(b)(2), Fed. R. Civ. 12(b)(3), Fed. R. Civ. P. 12(b)(6), and 28 U.S.C. § 1404(a). In doing so, and apparently in an attempt to improperly bias the Court toward Logetics' version of the events leading up to the parties' disputes, Logetics submitted evidence as to facts outside the allegations of the Amended Complaint that have no relevance to the jurisdictional or venue issues before the Court. Indeed, Logetics' Memoranda in Support of its Motion to Dismiss or Transfer ("Memo") at pages 2-8 contain mostly improper factual arguments that serve no purpose whatsoever and should be excluded.

4. Likewise, the supporting affidavit from Thomas E. Holland ("Holland") and a

---

[1] Riverdeep respectfully suggests that this Court should not convert Logetics' motion into a motion for summary judgment since Riverdeep has just commenced discovery and summary judgment would be premature at this time.

2

declaration from Terri Lorene King ("King") reference a total of 26 exhibits, the majority of which are outside the allegations of the Amended Complaint and, therefore, improper in a Rule 12(b)(6) motion. As a result, the Court should exclude the Holland Affidavit and the King Declaration in determining whether Riverdeep failed to state a claim.

5. Nor should the Court consider the bulk of Logetics' "facts" in connection with the Rule 12(b)(2), Rule 12(b)(3), or 28 U.S.C. § 1404(a) motions. This is because none of these factual arguments (Memo at 9-14) or the facts in the Holland Affidavit or the King Declaration are cross-referenced to the legal arguments made in support of the Rule 12(b)(2), Rule 12(b)(3), or 28 U.S.C. § 1404(a) motions, but for one reference to paragraph 7 of Holland's affidavit (Memo at 11), in which Holland improperly states his personal understanding of contract amendment language. As a result, for the purposes of the Rules 12(b)(2), 12(b)(3) and 28 U.S.C. § 1404(a) analysis, the Court should exclude or strike the Holland Affidavit ¶¶ 5, 7-8, 10-16, 18-50 and all but Exhibit Nos. 1 and 6 from its 24 exhibits,[2] as well as the entire King Declaration and attached exhibits.

## CONCLUSION

For the foregoing reasons, Riverdeep respectfully requests that the Court grant this motion to strike or exclude.

---

[2] The Court may properly consider: (1) Holland Affidavit Exhibit 1 (but not the first page which is a copy of a separate and unrelated agreement between the parties); and (2) Holland Affidavit Exhibit 6 because the Amended Complaint references the 2002 License Agreement and General Assignment. Speakman v. Allmerica Financial Life Ins., 367 F.Supp.2d 122, 131 (D. Mass 2005) (court may consider documents incorporated by reference in complaint).

Dated: June 24, 2005

Respectfully submitted,

_____
Irwin B. Schwartz BBO#548763
Sarah B. Wallace (Pro Hac Vice)
PETRIE SCHWARTZ LLP
500 Boylston Street, Suite 1860
Boston, Massachusetts 02116
(617) 421-1800

Counsel for Plaintiff
Riverdeep, Inc., LLC

Certificate of Service

I, Irwin B. Schwartz, attorney for Plaintiff, Riverdeep, Inc., LLC, hereby certify that on this 24th day of June 2005, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to: Matthew Walko, Smith & Dugan LLP, Two Center Plaza, Suite 620, Boston, MA 02108-1906, counsel for Defendant Logetics, Inc.; Daniel B. Winslow, Esquire, Duane Morris, 470 Atlantic Avenue, Suite 500, Boston, MA 02210, counsel for Defendant San Diego Wholesale Credit Association; and served the same by email and United States mail, postage prepaid, Evan Slavitt, Esq., Bodoff & Slavitt LLP, 225 Friend Street, Boston, MA 02114, Counsel for Defendant Thomas E. Holland.; and served the same by United States mail, postage prepaid, Mr. Thomas E. Holland, SOMC Group, Inc., 1945 Palomar Oaks Way, Suite 200, Carlsbad, CA 92009.

/s/ Irwin B. Schwartz
_____
Irwin B. Schwartz