UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Riverdeep, Inc., A Limited Liability Company, : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> SOMC Group, Inc.; Logetics, Inc.; : <br> San Diego Wholesale Credit Association; : <br> Ready, Set, Grow!; Jelly Bean Islands; Leap : <br> Ahead, and Thomas E. Holland, : <br> : <br> Defendants : <br> _____: | CIVIL ACTION NO. 05-10816-REK |

**LOGETICS, INC.'S MEMORANDUM IN OPPOSITION TO
RIVERDEEP'S MOTION TO EXCLUDE OR STRIKE**

**I.     INTRODUCTION**

The defendant Logetics, Inc. ("Logetics") submits its memorandum in opposition to the motion of the plaintiff Riverdeep, Inc., A Limited Liability Company ("Riverdeep") To Exclude Or Strike (Docket No. 48). Riverdeep's motion is procedurally defective, logically confused and substantively improper. The Motion of Logetics, Inc. To Dismiss or Transfer (Docket No. 40), the Affidavit of Thomas E. Holland (Docket No. 43), the Declaration of Terri Lorene King (Docket No.42), and the Memorandum of Logetics, Inc. in Support of Its Motion To Dismiss or Transfer (Docket No. 41) are properly before the Court and there is nothing redundant, immaterial, impertinent or scandalous about them. See Fed. R. Civ. P. 12(f) (outlining bases for motion to strike). Riverdeep makes no evidence-based challenge to the Holland or King affidavits, cf. Fed. R. Evid. 103(a)(1); Fed. R. Civ. P. 43(e); Fed. R. Civ. P. 56(e), but evidently seeks to "exclude" extra-record evidence from the Court's analysis of Riverdeep's poorly pleaded fraud claims, cf. Fed. R. Civ. P. 12(b) (fifth sentence). Logetics, however, does not rely

upon any such evidence to secure dismissal of Riverdeep's fraud claims for failure to state an actionable fraud claim with particularity. Fed. R. Civ. P. 9(b) and 12(b)(6). Moreover, the Federal Rules permit Logetics to join in one pleading the different grounds supporting dismissal of the various counts against it and have its evidence considered when evaluating insufficient personal jurisdiction, inadequate venue and inconvenient forum defenses. Fed. R. Civ. P. 12(b)(6) (third sentence) (no waiver of any one defense by raising additional defenses in same motion); Fed. R. Civ. P. 12(g) (consolidation of various motion-to-dismiss grounds permitted); Fed. R. Civ. P. 43(e). Riverdeep's *ipse dixit* assertions of impropriety and irrelevance are without merit and its motion should be denied.

**II.    A NON-EVIDENTIARY MOTION TO STRIKE MAY NOT BE USED TO EXCISE AFFIDAVITS OR MEMORANDA**

Riverdeep claims, without further explanation, that the Holland and King affidavits and the reference to them in Logetics' Memorandum "improperly bias the Court," "serve no purpose whatsoever," are "extraneous and irrelevant to the jurisdictional or venue issues," and thus should be excluded or stricken. See Riverdeep's Mot. To Strike at 2, 3. Riverdeep fails to explain just why its broadsides should be believed. Even so, the drastic remedy it seeks may not be secured by its motion to strike.

Federal Rule of Civil Procedure 12(f) addresses "Motion[s] to Strike." It provides that upon motion or upon the court's initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Pleadings are defined by rule and do not include motions, memoranda or affidavits. See generally 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed. 2004) ("Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." (footnotes omitted)). Compare Fed. R. Civ. P. 7(a) (defining pleadings) with

Fed. R. Civ. P. 7(b) (discussing motions). Redundant matter consists of needless repetition of other averments, Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 182 F.R.D. 386, 398 (D.R.I. 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382, at 704 (2d ed. 1990)), impertinent and scandalous matter detracts from the dignity of the court or casts an adverse light on the character of an individual or party, see Nault's Auto. Sales, Inc. v. American Honda Motor Co., 148 F.R.D. 25, 30 (D.N.H. 1993) (citations omitted), while "a 'material fact' is one which 'might affect the outcome of the suit under the governing law.'" Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90 (1st Cir. 1993) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (construing meaning of term "material" under Fed. R. Civ. P. 56(c)); see also Fed. R. Evid. 401 (defining relevance).

Significantly, motions to strike are disfavored and infrequently granted "both because striking a portion of a pleading is a drastic remedy, and because [the remedy] often is sought by the movant simply as a dilatory tactic . . . ." Morell v. United States, 185 F.R.D. 116, 117-18 (D.P.R. 1999) (citation and internal quotation marks omitted, explanatory text added). The severe remedy such a motion seeks should be permitted only where prejudice is shown, Ross-Simons, 182 F.R.D. at 398, it is clear that "'it can have no possible bearing upon the subject matter of the litigation,'" Nault's Auto. Sales, 148 F.R.D. at 30 (citation omitted), and does not raise an issue of fact or law, Ross-Simons, 182 F.R.D. at 398 (citation omitted); Morell, 185 F.R.D. at 118. Moreover, a motion to strike does not provide a basis to make a non-evidentiary challenge to an affidavit or to a motion or memorandum. See EEOC v. Admiral Maint. Serv., L.P., 174 F.R.D. 643, 645-47 (N.D. Ill. 1997) (discussing how Rule 12(f) challenge to affidavit is improper even though certain portions of affidavit could be stricken if challenged for lack of personal knowledge required by Rule 56(e)); Perez v. Volvo Car Corp., 247 F.3d 303, 314-15

(1st Cir. 2001) (explaining that statement in Lacey v. Lumber Mut. Fire Ins. Co, 554 F.2d 1204, 1205 (1st Cir. 1977) holding that objection to defective summary judgment affidavit is waived if no motion to strike is made, only is rule of fair notice and is not to be applied literally thereby prohibiting party from raising issue in some substantially equivalent way such as by objections or in legal memoranda). "The [motion to strike] remedy should be used only when the purpose of justice so requires." Morell, 185 F.R.D. at 117 (citations omitted, explanatory text added).

Here Riverdeep has not shown how the challenged material offends Rule 12(f) standards or prejudices it to such an extent that it should be stricken from the record. Section II of the Logetics' Memorandum and the Holland and King affidavits address issues of fact that have not been challenged on evidentiary grounds and thus are not susceptible to a motion to strike.

Riverdeep's citation of McMillan v. College Pro Painters (U.S.) Ltd., 350 F. Supp. 2d 132, 135 n.2 (D. Me. 2004), reh'g on reconsideration, 352 F. Supp. 2d 4 (D. Me. 2005), is inapposite. Although the court in McMillian "granted" a plaintiff's motion to strike a defendant's "Motion To Dismiss The Complaint," 350 F. Supp. 2d at 133, 135, the Court rejected the plaintiff's attempt to strike the defendant's motion to dismiss for lack of subject matter jurisdiction, id. at 133 n. 1. Thus, it is clear that the McMillian court did not actually strike the motion to dismiss or the affidavit submitted with it, but merely denied the motion, in effect treating the motion to strike as a properly argued opposition to the motion to dismiss. Cf. 352 F. Supp. 2d at 5 (acknowledging court's "mistake" in improperly treating Rule 12(b)(1) motion as 12(b)(6) motion, but refusing to change result as "significant issues of material fact need to be resolved"). In McMillian the court chose not to rely on the affidavit submitted in support of the defendant's Rule 12(b)(6) motion and thereby "refashion" and convert it to a motion seeking summary judgment, preferring compliance with the "structured process" of the

4

court's Local Rule 56 to address disputed fact issues.  350 F. Supp. 2d at 135 n.2; 352 F. Supp. 2d at 5.  No argument was made in that case, as is made here, that a motion to strike may not be used to excise memoranda or affidavits from the court's record and the McMillian decision, properly viewed, does not stand for a different rule.[1]

### III. THE CHALLENGE BY LOGETICS TO RIVERDEEP'S FRUAD CLAIMS DOES NOT RELY ON AFFIDAVITS

No resort to the Holland or King affidavits is needed to dismiss Count Four and Count Seven of the Amended Complaint for failure to state particularly fraudulent transfer and fraudulent inducement claims against Logetics upon which relief can be granted.  Fed. R. Civ. P. 9(b) and 12(b)(6).  Riverdeep's poorly pleaded fraud claims fall under their own weight and resort to extra-record evidence as to these counts has not been requested by Logetics or the Court to determine their validity or to determine the evidentiary basis from which those charges germinated.  Compare EEOC v. Green, 76 F.3d 19, 24 (1st Cir. 1996) (absent harmless error, district court must provide notice of intent to convert Rule 12(b)(6) motion to Rule 56 motion) with Collier ex rel. Collier v. City of Chicopee, 158 F.3d 601, 603 & n.2 (1st Cir. 1998) (explaining Green as rule of special circumstances) and Fed. R. Civ. P. 11(c)(1)(B); Transcript TRO Hr'g, May 17 (Docket No. 36) at pg. 31.  Logetics explains in Section V of its Memorandum why these fraud claims fail to state a claim.  Nowhere in that argument does Logetics make reference to affidavits or extra-record facts.  The Federal Rules permit Logetics to join in one motion to dismiss Rule 9(b) and 12(b)(6) challenges to some counts with Rule 12(b)(2) and 12(b)(3) challenges to others without jeopardizing any.  See Fed. R. Civ. P. 12(b) (third sentence) ("No defense or objection is waived by being joined with one or more other

---

[1] Riverdeep's Motion To Exclude Or Strike does not include a Local Rule 7.1(A)(2) Certification and could be denied on that basis alone.

defenses or objections in a responsive pleading or motion."); Fed. R. Civ. P. 12(g) ("A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. . . ."). Riverdeep's reliance on Rule 12(b) (fifth sentence) is misplaced and does not warrant the relief requested.

**IV.    EVIDENCE SUBMITTED BY LOGETICS IN SUPPORT JURISDICTIONAL, VENUE AND INCONVENIENT FORUM CHALLENGES SHOULD NOT BE STRICKEN**

Riverdeep admits (see Mot. to Strike at 2) that affidavits may be submitted in support of Logetics' separate jurisdictional, venue and inconvenient forum challenges under Rule 12(b)(2), 12(b)(3) and 28 U.S.C. § 1406(a), § 1404(a), see also Fed. R. Civ. P. 43(e), but says that the Holland and King affidavits should not be considered because their content is not sufficiently "cross-referenced" to Riverdeep's liking (see Mot. to Strike at 3). Riverdeep's argument is spurious.

Logetics at page two of its Motion and at pages two, three, ten, eleven, twelve of its Memorandum explains why the facts evidenced by the Holland and King affidavits, as summarized in Section II of Logetics' Memorandum, do not permit this Court's exercise of jurisdiction over Logetics or the placing of venue here. Each factual statement made in Section II of Logetics' Memorandum is cross-referenced to the affidavit or exhibit that supports it. More cross-referencing would be superfluous and is not required by any rule or principle of law. The contract forum selection clauses at issue cannot be enforced because the evidence shows that they were modified, superseded and not finalized and/or Riverdeep lost any right to enforce them because it failed to deliver software titles, artwork and program approvals

breaching key conditions of the parties' agreement.[2] This evidence not only is material in that it can affect the enforceability of contract terms under governing law, but is determinative of the jurisdictional and venue issues before the Court as explained in Sections III and IV of Logetics' Memorandum.

## V.   CONCLUSION

For the reasons set forth above, Riverdeep's Motion To Exclude or Strike should be denied.

Respectfully submitted,

*/s/ Matthew J. Walko*

Matthew J. Walko
BBO. No. 562172

SMITH & DUGGAN LLP
Two Center Plaza, Suite 620
Boston, Massachusetts 02108-1906
(617) 228-4400

Dated: June 28, 2005

---

[2] In LFC Lessors, Inc. v. Pearson, 585 F. Supp. 1362, 1363 (D. Mass. 1984) (Lynch, C.J.), the court made no statement as to the "carte blanche" proposition for which Riverdeep cites it. In that case the arguments raised by the defendant as to the choice of forum clause at issue would, held the court, "clearly be relevant to a motion to transfer this case to a district court in Utah," but since the defendant had not made such a motion, the Court had no occasion to address the transfer issue. Id. at 1365. Moreover, no argument was made in LFC Lessors that the party seeking to enforce the choice of forum clause had breached the contract, that a key condition remained unfulfilled, or that the clause had been modified and superceded as is made here. Finally, neither LFC Lessors nor Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 41, 45, 51 (1st Cir. 2002), which addressed the *prima facie* jurisdictional test, addressed a case involving the intermediate review standard explained in Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 146-47 (1st Cir. 1995), which Daynard cited as good law, see 290 F.2d at 51 n.5, and for which Logetics argues in favor in its Memorandum and in its Motion's Local Rule 7.1(D) request (citing Fed. R. Civ. P. 43(e) and Standing Order Regulating Nonjury Hearing of Senior United States District Court Judge Robert E. Keeton, § II(1).

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies service of the foregoing on June 28, 2005 in accordance with Federal Rule of Civil Procedure 5(b)(2) and United States District Court for the District of Massachusetts Electronic Case Filing Administrative Procedure § E(2) as to all parties, having appeared in this action through counsel admitted to practice before this Court, identified by the Clerk as receiving Notice of Electronic Filing, as well as serving a copy of the foregoing by facsimile, and as to the following by hand delivery or first class mail, postage prepaid on June 28, 2005:

Evan Slavitt, Esq.
Bodoff & Slavitt LLP
225 Friend Street
Boston, MA 02114-1812

*Counsel for Defendant Thomas E. Holland*

> */s/ Matthew J. Walko*
> Matthew J. Walko
> BBO. No. 562172