UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RIVERDEEP, INC., L.L.C, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 05-10816-REK |
| SOMC GROUP, INC., *et al.*, | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF THOMAS E. HOLLAND**

I Thomas E. Holland, do hereby depose and state:

1.     My name is Thomas E. Holland and I am a defendant in the above-captioned case.

2.     My residence is in Carlsbad, California.  I have resided in California continuously for the last 19 years.

3.     My only connection with the events of this case is as a corporate officer of SOMC Group, Inc. ("SOMC") and of Logetics, Inc. ("Logetics").  In both of those positions, my office was located in California.

4.     I participated in the negotiations and execution of the various agreements at issue in this case.  I executed those documents in California.  To the extent there were face to face negotiations, they took place in California.  I executed those documents solely as a corporate officer; I am not a party to those documents nor did I intend to be personally bound by them.

5.    I have no routine contacts with Massachusetts.  I neither own nor operate any business in Massachusetts nor do I reside there regularly or for any significant periods of time.

6.    While I have few relevant documents, those I have are located in California.  To the best of my knowledge, many if not most of the persons with knowledge of the facts of this case are located in California.

7.    It would be a substantial burden on me both in terms of time and expense to travel to and from Massachusetts for the purposes of this litigation.

FURTHER THE AFFIANT SAYETH NOT.


Signed under the pains and penalties of perjury this 5 day of July, 2005.

_____
Thomas E. Holland

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RIVERDEEP, INC., L.L.C, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 05-10816-REK |
| SOMC GROUP, INC., *et al.*, | ) | |
| Defendants. | ) | |

## MOTION OF THOMAS E. HOLLAND TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(2), (3), and (6), Mr. Holland moves to dismiss

the Complaint in whole or in part as to him. In further support of this motion, Mr.

Holland submits an affidavit and a memorandum of law.

Respectfully submitted,

THOMAS E. HOLLAND

By his attorneys,

Evan Slavitt (466510)
Bodoff & Slavitt LLP
225 Friend Street
Boston, MA 02114
617/742-7300

Dated:  July 6, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

RIVERDEEP, INC., L.L.C,          )
                                 )
        Plaintiff,               )
                                 )
v.                               )        CIVIL ACTION NO. 05-10816-REK
                                 )
SOMC GROUP, INC., *et al.*,      )
                                 )
        Defendants.              )
_____)

**MEMORANDUM IN SUPPORT OF
MOTION OF THOMAS E. HOLLAND TO DISMISS**

**INTRODUCTION**

In a case that arises from the rights and obligations of three corporations, Thomas

Robert E. Holland ("Mr. Holland") has been named as a defendant in his individual

capacity. Nowhere in the Complaint, however, are there allegations to support personal

jurisdiction. Further, he has filed an affidavit making clear that there is, in fact, no basis

for this Court to exert its jurisdiction over him. As a result, the Complaint should be

dismissed for lack of personal jurisdiction. Similarly, given the nature of the dispute, this

Court lacks venue over the action.

Turning to the specific allegations, the fraud count, Count Seven, fails because it

rests on an asserted non-disclosure but fails to articulate a legally cognizable basis to

impose such a duty on Mr. Holland. The breach of fiduciary duty count, Count Ten, fails

because there is no such duty in California imposed on directors of insolvent corporations

and, in any event, Riverdeep has not alleged any damage that flows from the alleged breach.

## FACTUAL BACKGROUND[1]

On March 28, 2002, Riverdeep's predecessor, Broderbund LLC ("Broderbund") signed an agreement (the "2002 Agreement") with SOMC and Logetics.  First Amended Complaint ¶ 1.[2] At that time, Broderbund was aware that Mr. Holland was acting on behalf of SOMC and Logetics.  First Amended Complaint ¶ 19.  The 2002 Agreement was later amended.  First Amended Complaint ¶ 21.  A number of substantial payments were made under the 2002 Agreement, although Riverdeep asserts that the full amounts were not paid.  First Amended Complaint ¶ 22-25.  Under its terms, the 2002 Agreement expired on March 1, 2004, and required defendants SOMC and Logetics to return Riverdeep proprietary information, including the master disks, and to cease distribution of Riverdeep products by August 30, 2004.  First Amended Complaint ¶ 27.

Meanwhile, apparently in substantial financial distress, SOMC made a general assignment of its assets to defendant San Diego Credit Association ("SDCA").  First Amended Complaint ¶ 28.  SDCA then sold those assets to Logetics.  First Amended Complaint ¶ 29.  Riverdeep asserts that these transactions were designed to allow Logetics to acquire SOMC's assets free of SOMC's debts.  First Amended Complaint ¶ 31.  The First Amended Complaint does not assert that Riverdeep's status was other than as a general unsecured creditor nor does it allege that its rights, such as they were,

---

[1]      For purposes of this motion only, Mr. Holland accepts the allegations in the Amended Complaint as true.
[2]      A more complete recitation of facts relating to the other defendants in this case is found in Memorandum Of Logetics, Inc. In Support Of Its Motion To Dismiss Or Transfer.

had priority over the rights of SDCA.  Thus, other than mere suspicion of the transaction, the First Amended Complaint does not allege any factual basis for the assertion of fraud.

On March 28, 2004, Riverdeep and Logetics entered into the 2004 Agreement. First Amended Complaint ¶ 9.  Again, there is no dispute that Mr. Holland was not acting personally, but was only acting on behalf of Logetics.  First Amended Complaint ¶ 41. Substantial, but incomplete payments were made under that agreement.  First Amended Complaint ¶ 42.

The First Amended Complaint asserts that Mr. Holland, as "President of SMOC and Logetics," caused those corporate entities to violate Riverdeep's copyright.  First Amended Complaint Count One.  It also asserts that Mr. Holland's actions, "in his capacity as SOMC's president," constitute fraud.  First Amended Complaint Count Seven.  Finally, it asserts that as "the director of an insolvent corporation," Mr. Holland breached his fiduciary duty to SOMC's creditors, including Riverdeep.  First Amended Complaint Count Ten.

## ARGUMENT

**A.**    ***This Court Lacks Personal Jurisdiction Over Mr. Holland***

**1.**    **Standard for Determining In Personam Jurisdiction**

Fed. R. Civ. P. 12(b)(2) states, in part, that at a party may assert by motion "lack of jurisdiction over the person."  When confronted with a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of persuading the court that jurisdiction exists.  *Interface Group-Massachusetts, LLC. V. Rosen*, 256. F. Supp.2d 103, 105 (D. Mass. 2003) (quoting *Callahan v. Harvest Board Int'l, Inc.*, 138 F.Supp.2d 147, 157 (D. Mass. 2001)).  In order to exercise personal jurisdiction over a nonresident

defendant, a federal district court must conduct a two-part analysis. The existence of specific personal jurisdiction over a non-resident defendant will depend upon the plaintiff's ability to establish that there are sufficient contacts between the defendant and the forum to satisfy <u>both</u> (1) the Massachusetts long-arm statute (Mass. Gen. Laws. ch. 223A, § 3), <u>and</u> (2) the Fourteenth Amendment's Due Process clause. *Id. See Foster-Miller, Inc., v. Babcock & Wilcox Canada*, 46 F.3d 138, 144 (1st Cir. 1995). Generally, the court will first determine whether the plaintiff has alleged sufficient facts to satisfy the forum state's long-arm statute. *Wessels, Arnold & Henderson v. National Medical Waste*, 65 F.3d 1427, 1431 (8th Cir. 1995). *See also Omni Cap. Int'l v. Rudolf Wolff & Co. Ltd.*, 484 U.S. 97, 105 (1987); *GTE New Media Services, Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000); *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997) (citing *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997)); *Wenz v. Memery Crystal*, 55 F.3d 1503 (10th Cir. 1995). If jurisdiction is appropriate under the long-arm statute, then the court must determine whether the non-resident defendant has such minimum contacts with the forum state that exercise of jurisdiction is in accordance with due process and would not offend traditional notions of fair play and substantial justice. *Id.*; *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The minimum contacts analysis focuses on whether "the defendant's conduct and connection to the forum State are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Depending upon the degree of contacts that a defendant has with a forum state and the nature of the

litigation, a court may be able to assert either specific jurisdiction or general jurisdiction. *Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414 (1984). Specific jurisdiction is appropriate where a defendant has "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King*, 471 U.S. at 472 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984) and *Helicopteros*, 466 U.S. at 414). General jurisdiction, on the other hand, requires that a defendant have "continuous and systematic general business contacts" with the forum state such that the exercise of jurisdiction is reasonable and just. *Helicopteros*, 466 U.S. at 415-16 (citing *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 438 (1952)).

If a court finds that the defendant purposefully established minimum contacts with the forum state, the court should then consider those contacts "in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320). Those additional factors include: 1) the burden on the defendant; 2) the forum state's interest in adjudicating the dispute; 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and 5) the share interest of the several states in furthering the fundamental substantive social policies. *Id.* at 477.

For purposes of this analysis, the defendant is Mr. Holland himself and not Logetics. "It is well established that jurisdiction over a corporate officer may not be based on jurisdiction over the corporation itself." *Interface Group-Massachusetts,* 256 F. Supp.2d at 105 (citing *LaVallee v. Parrot-Ice Drink Prods. of Am.*, 193 F.Supp.2d 296,

300 (D. Mass. 2002)). "To establish jurisdiction over a nonresident corporate officer,

there must be an <u>independent</u> basis for requiring the officer to defend in a foreign court."

*Yankee Group, Inc. v. Yamashita*, 678 F.Supp.2d 20, 22 (D. Mass. 1988) (citing *Escude*

*Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 906 (1st Cir. 1980)).


### 2.    Massachusetts Long-Arm Statute

The Massachusetts long-arm statute states, in relevant part:

A Court may exercise personal jurisdiction over a person, who acts
directly or by an agent, as to a cause of action in law or equity arising
from the person's

> (a) transacting any business in this commonwealth;
>
> . . .
>
> (c) causing tortious injury by an act or omission in this
> commonwealth;
>
> (d) causing tortious injury in this commonwealth by an act or
> omission outside this commonwealth if he regularly does or
> solicits business, or engages in any other persistent course of
> conduct, or derives substantial revenue . . ., in this commonwealth .
> . . .

Mass. Gen. Laws ch. 223A, § 3(a), (c), (d). The analysis here of Massachusetts' long-

arm statute is mercifully brief. The Complaint is devoid of any allegation that Mr.

Holland has ever transacted any business in the Commonwealth. Mr. Holland's affidavit

confirms that this is not a mere oversight. Thus, subsection (a) does not apply.

Similarly, Mr. Holland has done nothing in the Commonwealth, good or bad.

Indeed, the Complaint does not even assert that Mr. Holland stepped foot in

Massachusetts or sent even one deceptive letter to Massachusetts. Thus, subsection (c) does not apply.[3]

There are two independent flaws with the application of subsection (d). First, it is unclear that any of the actions alleged caused tortious injury within the Commonwealth. While the geographic location of pure economic injury is always somewhat ill-defined, it would seem that there are only two possible locations where economic injury could have occurred: California or Delaware. California is possible because that is where the alleged actions and non-payments occurred. In terms of their impact, the harm, if any there was, occurred to Riverdeep as a whole. Thus, the Court looks to the "home" of Riverdeep which is Delaware. Under either analysis, however, the harm did not take place in Massachusetts, which was simply the former location of one office.

Second, the Complaint does not allege that Mr. Holland regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue in Massachusetts. Under its long-arm statute, this is a mandatory requirement for the exercise of personal jurisdiction. Mr. Holland's affidavit confirms that he engages in no such activity. Accordingly, subsection (d) does not apply.

### 3.    Mr. Holland Does Not Have The Requisite Minimum Contacts With Massachusetts

Even if Mr. Holland could be served with process under Massachusetts's long-arm statute, the Plaintiffs have not alleged sufficient contacts with Massachusetts to

---

[3]    It is worth noting that the fraud claims, such as they are, against Mr. Holland appear to arise from an asserted non-disclosure rather than an affirmative fraud. Thus, the cases of *Ealing v. Harrods, Ltd.*, 790 F. 2d 978 (1st Cir. 1986) and *Murphy v. Erwin-Wasey, Inc.*, 460 F.2d 661 (1st Cir. 1972),are inapposite because each relied on affirmative misrepresentations sent into Massachusetts.

satisfy "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Under the Due Process Clause of the Fifth Amendment, "personal jurisdiction over a nonresident defendant is proper only if the defendant has certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945) (citing *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 61 S. Ct. 339 (1940)). In this respect, "the substantial connection between the defendant and the forum state necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum state." *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1987) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)). In determining the existence of a sufficient level of jurisdictional "contacts," the Court considers whether the defendant's conduct, and its connection to the forum State, are such that the defendant should have reasonably anticipated being haled into the Courts of that State, by purposefully availing itself of the privilege of doing business there. *Burger King Corp. v. Rudzewicz, supra* at 474.

> This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts . . . or of the "unilateral activity of another party or a third person."

*Id.* at 475.

Accordingly, in determining the sufficiency of Mr. Holland's contacts, the Court must evaluate the following factors:

1) the nature and quality of contacts with the forum state;

2) the quantity of such contacts;

3) the relation of the cause of action to the contacts;

4) the interest of the forum state in providing a forum for its residents; and

5) the convenience of the parties.

*Wessels, Arnold & Henderson v. Nat'l. Medical Waste*, *supra* at 1432; *Northrup King v. Compania Productora Semillas*, *supra* at 1388; *Sybaritic, Inc. v. Interport Intern., Inc.*, 957 F.2d 522, 524 (8th Cir. 1992).

A review of the relevant facts, as alleged by Riverdeep, reveals that Mr. Holland did not, personally, establish **any** contacts in Massachusetts. Thus factors 1-3 all clearly militate in favor of dismissal. As to the fourth factor, Riverdeep is a Delaware company with its principal place of business in California. The only possible interest that Riverdeep can assert on behalf of this forum is that it once had its headquarters in here some years ago. First Amended Complaint ¶ 7. From the point of view of Massachusetts, the forum state, that is only of historical interest. At present, Massachusetts has no interest in providing a forum for a Delaware corporation that once had an office in its boundaries. The final factor also favors dismissal. Mr. Holland is in California. Riverdeep's main office is in California. The relevant events took place in California. Put plainly, Massachusetts is a terribly inconvenient forum.

Riverdeep's attempt to summon Mr. Holland to this Court fails constitutional muster. There are not sufficient contacts with the forum state. It would be unreasonable to require him to defend in Massachusetts without any contacts when his life and

residence are in California. Not a single purposeful action on his part justifies summoning him here.

### B.    Venue Is Improper At Least as to Mr. Holland

The First Amended Complaint does not cite to any venue provision, but instead refers only to the 2002 Agreement as containing an agreement that venue is proper in Massachusetts. First Amended Complaint ¶ 17. This omission is not surprising. Under the general venue provision, 28 U.S.C. § 1391(b), venue is not proper in Massachusetts. Instead, venue would be proper only in California. *Id.* It is in California that all the defendants reside and where not only a substantial part, but indeed all of the events or omissions giving rise to the claim occurred.

Similarly, the specific copyright venue provision, 28 U.S.C. § 1400(a), only permits venue in the district in which the defendant or his agent resides or is found. No defendant and no agent resides or is found in Massachusetts. Thus, this venue provision does not apply.

As to the forum selection clause, Mr. Holland not only incorporates by reference the arguments already placed before this Court by Logetics, but also notes that he, as an individual, is not personally bound by any agreement. He is not a party in his individual capacity. There is no indication that he intended to be so bound. Holland Affidavit ¶ 4. He is not a clearly designated third party beneficiary. *See, Intergen N.V. v. Grina*, 344 F.3d 134, 147 (1st Cir. 2003). Thus, the venue provision cannot be enforced as against him. *Guidant Sales Corp. v. Niebur*, 2002 U.S. Dist. LEXIS 2132 (D. Minn. 2002).

In sum, whatever the contracting parties may have agreed as to venue, it does not apply to Mr. Holland and cannot create venue as against him. Riverdeep's claims against Mr. Holland should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

### C.    Counts Seven and Ten Fail to State a Claim Upon Which Relief Can Be Granted

### 1.    The Fraud Count Fails For Lack of Any Duty of Disclosure

Riverdeep's fraud claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The essence of Riverdeep's fraud is not affirmative fraud, but rather a failure to disclose a fact before the negotiation of the 2004 Agreement. First Amended Complaint ¶ 92. Riverdeep makes a blanket assertion of a duty flowing from Mr. Holland to it. The Court need not accept this assertion on its face, however, because such allegation is a matter of law and not fact.

A review of the First Amended Complaint fails to reveal any legal basis for such a duty to disclose. Inn connection with the 2004 Agreement, Mr. Holland was acting solely on behalf of Logetics, a company that was not insolvent. Second, since the 2004 Agreement was an entirely new agreement, the events relating to the 2002 Agreement were not material to this agreement. Thus, it is hard to understand how Mr. Holland in this context had any duty to Riverdeep.

Riverdeep appears to have the same difficulty with respect to Count Seven, which relates to the 2004 Agreement. In the midst of Count Seven, Riverdeep suddenly switches horses and refers to Mr. Holland's former role with respect to SOMC. First Amended Complaint ¶ 94-96. That role, of course, is logically and legally irrelevant with respect to the 2004 Agreement. If any duty arose in connection with the 2004

Agreement, it could only arise in the context of Mr. Holland's position *at Logetics*. As to

that position, Riverdeep articulates no theory of the duty of disclosure.

> **2.     There Is No Applicable Common Law Fiduciary Duty Owed**
> **by Directors of Insolvent California Corporations to Creditors**
> **and No Damage Alleged**

Count Ten, containing but two substantive paragraphs, appears to be premised on

the existence of a common law fiduciary duty owed by directors of insolvent corporations

to its creditors.  Whatever the status of such a common law duty in other states, under

California law – which applies to SOMC, a California corporation – no such common

law duty exists.  "Cal. Corp. Code §§ 166, 500, and 501 (prohibiting unauthorized

distributions by directors) 'covers the field' of these duties." *Nahman v. Jacks (In re*

*Paul)*, 266 B.R. 728, 737 (Bankr. Fed. App., 2001).  This conclusion is consistent with

and is essentially mandated by *Pacific Scene, Inc. v. Penasquitos, Inc.*, 46 Cal. 3d 407,

250 Cal. Rptr. 651, 758 P.2d 1182 (1988).  In that case, the California Supreme Court

held that by codifying "detailed statutory remedies" against shareholders of dissolved

corporations (Cal. Corp. Code §§ 2009 and 2011), the California legislature had

"occupied the field and precluded resort to dormant common law doctrines for the

provision of extra-statutory relief." *Id.* at 413, 250 Cal. Rptr. at 655, 758 P.2d at 1185.

*See also United States v. Oil Resources, Inc.*, 817 F.2d 1429, 1432-33 (9th Cir. 1987).

Even accepting that some duty could exist, in order for there to be an action for

breach of such duty, Riverdeep must allege – and has not – that it was damaged by the

actions of Mr. Holland.  To do so, Riverdeep must allege that it had rights superior to that

of SDCA.  If it did not, then any general assignment for creditors to SDCA could not, as

a matter of law, constitute harm to Riverdeep.  What actions SDCA took at that point,

and whether SDCA's actions were or were not consistent with the 2002 Agreement are beyond the control of Mr. Holland and, therefore, cannot constitute a violation of any duty of his.

Paragraph 115 of the First Amended Complaint contains three specifications of the violation of a fiduciary duty. Both the first and third – organizing the assignment and failing to give Riverdeep notice of the assignment – fail unless Riverdeep asserts a higher priority than SDCA which it has not done. Essentially, if its rights are subordinate to SDCA, then it has no basis to argue that it has been injured. The second of the three specifications – that any transfer was in violation of the 2002 Agreement – fails because even if the transfer was a violation of the agreement, there is no harm to Riverdeep unless SDCA does something with the rights inappropriately transferred. Again, there is no harm to Riverdeep from Mr. Holland's actions.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed as to Mr. Holland.

Respectfully submitted,

THOMAS E. HOLLAND

By his attorneys,

Evan Slavitt (466510)
Bodoff & Slavitt LLP
225 Friend Street
Boston, MA 02114
617/742-7300

Dated: July 6, 2005

13

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RIVERDEEP, INC., L.L.C,      ) | |
|        ) | |
|     Plaintiff,     ) | |
|        ) | |
| v.        ) | CIVIL ACTION NO. 05-10816-REK |
|        ) | |
| SOMC GROUP, INC., *et al.*,    ) | |
|        ) | |
|     Defendants.    ) | |

**AFFIDAVIT OF THOMAS E. HOLLAND**

I Thomas E. Holland, do hereby depose and state:

1.    My name is Thomas E. Holland and I am a defendant in the above-captioned case.

2.    My residence is in Carlsbad, California.  I have resided in California continuously for the last 19 years.

3.    My only connection with the events of this case is as a corporate officer of SOMC Group, Inc. ("SOMC") and of Logetics, Inc. ("Logetics").  In both of those positions, my office was located in California.

4.    I participated in the negotiations and execution of the various agreements at issue in this case.  I executed those documents in California.  To the extent there were face to face negotiations, they took place in California.  I executed those documents solely as a corporate officer; I am not a party to those documents nor did I intend to be personally bound by them.

5.      I have no routine contacts with Massachusetts.  I neither own nor operate any business in Massachusetts nor do I reside there regularly or for any significant periods of time.

6.      While I have few relevant documents, those I have are located in California.  To the best of my knowledge, many if not most of the persons with knowledge of the facts of this case are located in California.

7.      It would be a substantial burden on me both in terms of time and expense to travel to and from Massachusetts for the purposes of this litigation.

FURTHER THE AFFIANT SAYETH NOT.


Signed under the pains and penalties of perjury this 5 day of July, 2005.

_____
Thomas E. Holland