UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RIVERDEEP INC., A LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SOMC GROUP, INC.; LOGETICS, INC.; SAN DIEGO WHOLESALE CREDIT ASSOCIATION d/b/a SAN DIEGO CREDIT ASSOCIATION; READY, SET, GROW!; JELLY BEAN ISLANDS; LEAP AHEAD, and THOMAS E. HOLLAND,<br><br>Defendants. | Civil Action No. 05-10816 REK<br><br>**STIPULATED MOTION TO:**<br><br>**1) FURTHER EXTEND TIME TO FILE RESPONSIVE PLEADINGS;**<br><br>**2) SET HEARING ON HOLLAND'S MOTION TO DISMISS; AND**<br><br>**3) WITHDRAW MOTION TO STRIKE OR EXCLUDE** |

Pursuant to Federal Rule of Civil Procedure 6(b), plaintiff Riverdeep, Inc. ("Riverdeep"), and defendants Logetics, Inc. ("Logetics") and Thomas E. Holland ("Holland") stipulate and respectfully move the Court to (1) further extend the time for Riverdeep to file an opposition to Logetics's Motion to Dismiss or Transfer ("Logetics Motion") and extend the time for Riverdeep to file an opposition to the Motion of Thomas E. Holland To Dismiss ("Holland Motion"); (2) consolidate the hearing of the Holland Motion with the already scheduled hearings on August 2, 2005 or to whatever date the Court deems appropriate; and (3) permit Riverdeep to withdraw its Motion To Exclude or Strike.  In support of these requests, the parties state:

Riverdeep's Time To Respond Should Be Extended

1. Defendant San Diego Wholesale Credit Association ("SDWCA") filed a Motion To Dismiss The Amended Complaint ("SDWCA Motion") on June 3, 2005, which motion

is fully briefed and scheduled to be heard on August 2, 2005.

2. The Logetics Motion was filed on June 16, 2005 and included an affidavit from Thomas E. Holland ("Holland I Aff.") and a declaration from Terri Lorene King ("King Decl.") submitted in connection with its contentions under Rules 121(b)(2), 12(b)(3) and 28 USC §§ 1404(a), 1406(a).[1] Pursuant to Local Rule 7.1(b)(2), Riverdeep's opposition was due on June 30, 2005, which date was extended to July 8, 2005 by Logetics' assent pending negotiations over limited jurisdictional discovery to be taken by Riverdeep to more fully respond to the Logetics Motion. The Logetics Motion hearing is scheduled for August 2, 2005.

3. The Holland Motion was filed on July 6, 2005, and includes an affidavit of Thomas E. Holland ("Holland II Aff."). Pursuant to Local Rule 7.1(b)(2), Riverdeep's opposition is due on July 20, 2005. No hearing has been set for the Holland Motion.

4. On July 6, 2005, Riverdeep, Logetics and Holland agreed to schedule depositions of Holland and Ms. King for July 27, 2005 in San Diego, California limited to jurisdictional issues, which depositions are expected to last approximately one hour each.

5. Riverdeep wishes to include evidence from these depositions in opposition to the Logetics Motion and the Holland Motion. Riverdeep expects that it can obtain the July 27, 2005 deposition transcripts by July 29, 2005 and will be able to serve and file its oppositions to the Logetics Motion and the Holland Motion by no later than 3:00 p.m.

---

[1] As set forth more fully below, the Holland Aff. I and King Decl. were not submitted in connection with Logetics' arguments under Rule 12(b)(6).

on August 1, 2005

6. Counsel for Logetics and Holland hereby stipulate to extend Riverdeep's time to respond to the Logetics Motion and the Holland Motion to August 1, 2005 at 3:00 p.m.

The Hearing Of All Motions To Dismiss Should Be Consolidated

7. The hearing for the SDWCA Motion and the Logetics Motion is set for August 2, 2005. Riverdeep, Logetics and Holland stipulate and respectfully request that the Court consolidate the hearing of the Holland Motion with that hearing for August 2, 2005 or as soon thereafter as the Court deems appropriate.

The Affidavits Should Be Considered Only In Connection With Jurisdiction and Venue

8. On June 24, 2005, Riverdeep filed a motion to strike or exclude much of the evidence contained in the Holland I Aff. and King Decl. as being inappropriate under Rule 12(b)(6) and irrelevant to Logetics' Rules 12(b)(2) and 12(b)(3) arguments. Logetics filed an opposition on June 28, 2005.

9. After the June 28, 2005 status conference, Riverdeep and Logetics conferred with respect to Riverdeep's objections to the Holland I Aff. and agreed that, if Riverdeep obtained discovery of Holland and Ms. King on jurisdiction and venue issues and Logetics stipulated that the Holland I Aff. and King Decl. were submitted solely in connection with Logetics' arguments under Rules 12(b)(2) and 12(b)(3) and 28 USC §§ 1404(a) and 1406(a), Riverdeep would withdraw its Motion to Strike or Exclude.

10. On July 6, 2005, counsel for Logetics confirmed Logetics' and Holland's stipulation to jurisdictional depositions on July 27, 2005.

11. Counsel for Logetics hereby stipulates that the Holland I Aff. and King Decl. were submitted for the limited purpose of Logetics' Rules 12(b)(2) and 12(b)(3) and 28 USC §§ 1404(a) and 1406(a) arguments and not in connection with Logetics' Rule 12(b)(6) arguments.

12. Likewise, counsel for Holland hereby stipulates that the Holland II Aff. was submitted only in connection with the Holland's Rule 12(b)(2) and 12(b)(3) arguments and not in connection with Holland's Rule 12(b)(6) arguments.

No Opposition

13. SDWCA assents to this motion.

WHEREFORE, the Riverdeep, Logetics and Holland respectfully request that the Court :

A. Extend Riverdeep's time to respond to the Logetics Motion and the Holland Motion to August 1, 2005 at 3:00 p.m.;

B. Consolidate the hearing on the Holland Motion with the hearing already set for the SDWCA Motion and the Logetics Motion;

C. Permit Riverdeep to withdraw its Motion to Strike or Exclude filed on June 24, 2005; and

D. Order such further and additional relief as the Court deems just and proper.

So Stipulated,

| | |
|---|---|
| RIVERDEEP, INC.<br>By its attorneys, | LOGETICS, INC.<br>By its attorneys, |
| /s/ Irwin B. Schwartz | /s/ Matthew J. Walko |
| Irwin B. Schwartz (BBO#548763)<br>Sarah B. Wallace (Pro Hac Vice)<br>PETRIE SCHWARTZ LLP<br>500 Boylston Street, Suite 1860<br>Boston, Massachusetts 02116<br>(617) 421-1800 | Matthew J. Walko (BBO#562172)<br>SMITH & DUGGAN LLP<br>Two Center Plaza, Suite 620<br>Boston, Massachusetts 02108-1906<br>(617) 228-4400 |

THOMAS E. HOLLAND
By his attorneys,

/s/ Evan Slavitt

Evan Slavitt (BBO#466510)
Bodoff & Slavitt LLP
225 Friend Street
Boston, Massachusetts 02114
(617) 742-7300

Assented to,

SAN DIEGO WHOLESALE CREDIT ASSOCIATION,
By its attorneys,

/s/ Daniel B. Winslow

Daniel B. Winslow (BBO#541972)
DUANE MORRIS LLP
470 Atlantic Avenue, Ste. 500
Boston, Massachusetts 02210
(617) 289-9200

Certificate of Service

I, Irwin B. Schwartz, attorney for Plaintiff, Riverdeep, Inc., LLC, hereby certify that on this 7th day of July, 2005, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to: Matthew Walko, Smith & Dugan LLP, Two Center Plaza, Suite 620, Boston, MA 02108-1906, counsel for Defendant Logetics, Inc.; Daniel B. Winslow, Esquire, Duane Morris, 470 Atlantic Avenue, Suite 500, Boston, MA 02210, counsel for Defendant San Diego Wholesale Credit Association and Evan Slavitt, Esq., Bodoff & Slavitt LLP, 225 Friend Street, Boston, MA 02114, Counsel for Defendant Thomas E. Holland.

/s/ Irwin B. Schwartz
_____
Irwin B. Schwartz